Woods, Administrator, &c. *against* Williams,
Executor, &c.

THIS was an action of covenant. The plaintiff declared on an instrument alleged to have been executed by the defendant's testator, dated 1st *September*, 1787, and by which the testator agreed to give the intestate, her heirs and assigns, the sum of 150 pounds, in lands, on or before the 1st *January* then next, if the same should be demanded; the plaintiff averred that the instrument was lost by accident. The defendant pleaded, 1. *Non est factum;* 2. That no demand was made of the testator, according to the form and effect of the instrument.

The cause was tried, at the *Albany* circuit, in *October*, 1811, before Mr. Justice *Van Ness*. At the trial, *David Thomas*, the husband of the intestate, was offered as a witness, and objected to as interested. To obviate the objection, the witness executed a release, under his hand and seal, whereby, for the consideration of one dollar, he released to the plaintiff " all his right, &c. to any sum or sums of money which might be recovered in the said cause."

The defendant's counsel objected to the sufficiency of the release, on the ground that there was no subject matter between the witness and the plaintiff, on which it could operate. This objection was overruled, and the witness admitted. The witness proved, that the testator acknowledged the execution of the instrument, of which he produced a copy. He also proved a demand on the testator, and the loss of the original paper. And a verdict was found for the plaintiff, for 999 dollars and 52 cents.

A motion was made to set aside the verdict, and for a new trial.

*A. adminis-trator of B. brought an action on a covenant, for 100 pounds, &c. and at the trial, C. the husband of the intestate, was offered as a witness, on the part of the plaintiff, and being objected to as interested, in consideration of one dollar, he executed a release to the plaintiff " of all right, &c. to any sum or sums of money which might be recovered in that cause." It was held, that C. had an interest in the subject matter of the suit, which might be released, and that the release which he executed, was sufficient to extinguish his interest, so as to render him a competent witness.*

*Z. R. Shepherd*, for the defendant, contended that there was no present or subsisting interest in the witness, which could be released, so as to render him competent. His right was future and contingent. The witness was entitled to the administration of his wife's estate, and would be entitled to the money when recovered.[*] If he was eventually to receive the money, he would be interested in favour of the plaintiff. If the suit was lost, it was the loss of the witness, not the plaintiff. The witness was, in fact, the *cestuy que trust*. He clearly had such an interest as ren-

[* 6 *Johns Rep.* 112.]

NEW YORK,
May, 1812.

WOODS
v.
WILLIAMS.

dered him incompetent to be a witness. But it was not such an interest as could be released. A party may release a covenant, but not the damages, until the covenant is broken. A mere possibility cannot be released.*

If bail are released before the principal is charged, the plaintiff may go on, afterwards, and charge the bail. To render a release operative, it must be of a present, vested and subsisting interest.

Again, the release is not sufficient for want of a consideration. A court of equity, on that ground, would relieve against it.

*Russell*, contra, said, that as no objection was made at the trial, to the form of the release, none could be made here. The only question was, whether the interest of the witness could be released, in any possible form.

The witness had a right, on the death of his wife, to the money, and the plaintiff was merely a trustee.

A possible or contingent interest may be released.† And if the person to whom the release is made, cannot take the thing released, it will operate by way of extinguishment.‡

In the case in 10 *Co.* 48. more fully reported in *Cro. Eliz.* the question was as to the form of the release. It was not denied that the subject was capable of being released. The same observation may be made, as to several other cases cited by the defendant's counsel.

Again, if the witness has done all in his power to get rid of his interest, it is sufficient; for the objection proceeds on the ground of a supposed *bias* on the witness's mind, and which is removed by the release.§

The court would not, in the exercise of their discretion, grant a new trial, in such a case, on the ground of a mere technical objection.

It makes no difference, as to the competency of a witness, whether the interest of the witness is real or imaginary, if there is a bias on his mind;** so the removal of the bias ought to render him competent.

*Van Vechten*, in reply, observed, that if, notwithstanding the release, the party would be liable, the release was inoperative. This is a release of all money which may be recovered in the suit; if it had been a release of the instrument itself, it might have been sufficient. Here it is a release of an accountability, before

* Cro. Eliz. 552. 2 Roll. Abr. 404, 405. Cro. Jac. 337. 1 And. 133. 1 Roll. Rep. 11. Cro. Eliz.173. 600. Owen, 85. 1 Leon. 167. 3 Leon. 256. Dyer, 244. 10 Co. 48. 51. 3 Esp. Rep. 25. 3 East, 7. Co. Litt. 292. b. Cro.Eliz.580. 5 Co.706. 2 Wils. 376, Yelv.192. 215.

† Com. Dig. Release, (B. 1.) (B. 3.) Co. Litt. 265. a.

‡ Com. Dig. Release, (B. 6.) Co. Litt. 276. a. 279. b.

§ Peake on Ev. 158. Doug. 139. 2 Stra. 1253.

** 8 Johns. Rep. 428.

the existence of the subject matter on which the accountability is to arise. There is nothing on which the release can operate.

Again, if *Thomas* assented to granting the administration to *Woods*, then he would be liable to all costs prior to the release, in case a verdict should be found against *Woods*.

*Per Curiam.* The only question in this case is, whether *David Thomas* was a competent witness, after the execution of the release by him, (as stated in the case,) " of all right, title, interest, property, claim and demand to any sum or sums of money which may be recovered in the cause." This release was objected to at the trial, on the ground, that no subject matter existed between the witness and plaintiff, or otherwise, upon which the release could operate. Upon the argument, the objection was urged more against the form than the substance of the release. It ought, however, to be viewed as made at the trial to the substance of the release, for had it related to the mere form of it, that could have been removed at the time; and this seems to be the established rule in such cases. (*Doug.* 136.) The objection at the trial was, that the nature of the interest was such that it could not be released. Such a kind of interest may, no doubt, exist; (2 *Johns. Rep.* 176. 8 *Johns. Rep.* 429.) but this is not of that description. If the witness had any beneficial interest in the subject matter of the suit, this release would extinguish it. It is a forced construction to consider it a release of a future and contingent interest merely. It is a release of all interest or benefit to be derived from that suit, and in this point of view also it is sufficient, for this is the only interest necessary to be extinguished. The question as to the interest of a witness is, *whether he is to gain or lose by the event of the cause.* A release technically operates only upon a present interest; but when there is a present right, to take effect *in futuro*, such a right may be presently released. (*Co. Litt.* 265. a.) The case before us is one of that description. The interest of the witness was a present subsisting interest, and the reducing it to possession was the only future contingency attending it.

*Thomas* was, therefore, a competent witness, and the motion for a new trial ought to be denied.

Motion denied.