## SUPREME COURT.

### SELKIRK agt. WATERS AND FOUR OTHERS.

A defendant may be examined as a witness in behalf of his codefendant, in all cases where a separate judgment may be rendered in favor of his codefendant.

He is therefore a competent witness in all joint and several actions, whether on contract, or for a tort.

He is also a competent witness, in an action on a joint contract, to prove any personal defence admitting of a separate judgment in behalf of his codefendant, such as bankruptcy, infancy, &c.

In no case, however, can a party be a witness where he is interested in the event of the action.

The evidence of a defendant in behalf of his codefendant should be excluded as irrelevant, when no separate judgment can be rendered on it in favor of the codefendant, because in such case, no legal effect can be given to such evidence.

Other cases considered in which the evidence of a party is irrelevant.

In all cases where a party is called as a witness for his codefendant, and is not interested in the event of the suit, the objection is more properly to the relevancy or materiality of his evidence, than to his competency.

*Albany Circuit, March* 1851. This was an action for libel. On the trial Waters was called as a witness in behalf of the

four other defendants. The witness was objected to as incompetent.

H. G. WHEATON and S. STEVENS, *for Plaintiff.*

J. K. PORTER, *for Defendants.*

PARKER, Justice.—I am aware it has been decided at general term in the fifth judicial district, that in an action against several for a tort, one of the defendants can not be examined as a witness in behalf of his codefendants (Munson vs. Hagerman, 5 *How. Pr. R.* 233). I understand, however, that a decision has been made at general term in the sixth judicial district, by which such a witness is held to be competent, but I have not yet seen the opinion of the court, which is said to have been written by Mr. Justice Shankland. I learn also that the construction given by the judges of the fourth district, in their several practice at the circuit, is in favor of the competency of the witness; and such has been my own invariable practice at the circuit, since the adoption of the Code. I can not agree with the very able judge who delivered the opinion in Munson agt. Hagerman, that the first clause of the 397th section of the Code was intended only to establish, in all actions, the same practice as to the examination of parties that prevailed in the late Court of Chancery. The language is general. "A party may be examined on behalf of his coplaintiff or a codefendant." And the next clause, "but the examination, thus taken, shall not be used on behalf of the party examined," seems to imply that there is no such restriction, and that it was therefore deemed necessary to provide for the use to be made of the evidence. I think it was the intention of the legislature to make a party in all cases where there may be several judgments, a competent witness for a coplaintiff or codefendant. The only restriction is that imposed by section 399, which excludes a party as a witness, if interested in the event of the action.

Even in an action upon a joint contract, I think one defendant is a competent witness in behalf of his codefendant, to prove any defence of which his codefendant may avail himself separately, as bankruptcy, infancy, &c.; because, on such a defence, though

38

the contract was joint, the codefendant may have judgment in his favor and judgment may be rendered against the defendant called as a witness. The legal consequences would therefore be the same as if the suit were brought on a joint and several contract. But, ordinarily, in a suit on a joint contract, one defendant can not be improved as a witness, because he is called to establish a defence common to both the defendants; that is, to prove facts that constitute an entire defence to the demand, as to both the defendants. Such evidence may be excluded as irrelevant; for on it, the court could not give judgment in favor of both defendants, it being provided by statute, that such examination should not be used on behalf of the party examined; and, on it, the court could not give judgment in favor of the other defendant, because there can not be a several judgment on a joint contract, except where there is a personal defence, as bankruptcy, infancy, &c. I think the Code has not changed the law which requires a joint judgment on a joint contract. It only permits a severance of the parties, "whenever a several judgment may be proper" (*Code*, § 274). It is true, it provides that judgment may be given for or against one or more of several plaintiffs, or defendants. But that is only giving permission to adapt the judgment to the contract, as it shall be found to have been made. If three men are sued as partners, and it turns out that two of them only constituted the firm, judgment may be rendered against two, and in favor of the other defendant. So if the demand on which a recovery is sought, is proved on the trial to be due to but two of three plaintiffs, those two may have judgment, and a judgment may be rendered against the other plaintiff. In neither of these cases, is it any longer necessary to nonsuit the plaintiffs, and put them to the expense and delay of a second action; but the court now has ample power to render judgment according to the contract as ascertained. The practice has been changed and greatly improved, but the legal rights upon the merits remain as agreed upon by the parties. Contracts must be enforced as made. It is only where the law has given a personal discharge from the whole obligation to one of two joint contractors, as in case of

Selkirk agt. Waters and others.

discharge in bankruptcy, that he ceases to be liable, and the contract remaining, judgment may be taken against the other defendant.

The contract being joint, judgment must be given either against both or in favor of both defendants. The court has no power to make a new contract for the parties, on which to give judgment by making it several as well as joint when the parties made it joint only. In an action, therefore, upon a joint contract, though one defendant is competent to prove any defence peculiar to his codefendant, the court may reject as irrelevant, all other evidence; for no legitimate use can be made of such evidence if it is received. In such a case the objection is to the relevancy of the evidence rather than to the competency of the witness.

But in an action on a joint and several contract, or to recover damages for a tort, where the remedy is always joint and several, I think a defendant is in all cases a competent witness for his codefendant, provided he be not disqualified by reason of interest. Because, in all such cases, judgment may be rendered against the witness and in favor of the other defendant, and the testimony received may thus have a legal application. It is the policy of the law in such cases to give to each defendant the same advantage he would have had, if he had been sued separately, and not to allow a plaintiff, at his option, to exclude witnesses by making them defendants. The legislature acted upon the same policy in 1832, in allowing makers and endorsers of a promissory note, when sued together, to be witnesses for each other.

A defendant must, however, still be excluded if interested in the event of the suit. Generally, this objection will not exist, because his testimony is only to be used in behalf of the other defendants. Yet it may sometimes happen that he will still be interested, for he may be so situated as to gain by a judgment in favor of the other defendants, or to lose by one against them ; and if so, unless his interest be removed by release or otherwise, he must be excluded.

It is objected that a defendant, in an action for a tort, can not be a witness for his codefendant, because several damages can

not be assessed against each defendant; and there being but one assessment of damages, that he is interested in reducing the amount. The answer to this objection is to my mind entirely satisfactory. The witness may prove a full defence in favor of his codefendant. If he is only offered to prove mitigating circumstances in behalf of his codefendant, I think the evidence may be excluded as irrelevant; for there can be but one assessment of damages, and as, in tort all are principals and equally guilty in law, the plaintiff has a right to recover the full amount of damages against all, though one of the defendants may have inflicted much less of it than the witness. That one inflicted less, would therefore be immaterial. The witness would not be interested in proving mitigating circumstances in favor of a codefendant, because it would not be the legal effect of such evidence to lessen the amount of recovery.

And if the witness is offered for the purpose of proving an entire defence for his codefendant and it turns out that the evidence, when received, only goes to excuse in part, the act of the codefendant, the jury should be instructed not to take into consideration such mitigating circumstances, in the assessment of damages. For if a great injury, as in an action for an assault and battery, has been inflicted by several persons, all of whom are sued, the plaintiff is entitled to recover full damages against all though the injury was mainly inflicted by one person and the others acted only in aid of him. Suppose, in such an action, a *prima facie* case was made out by the plaintiff, on which he ought to recover five hundred dollars damages. One of the defendants is then called as a witness for his codefendants, and testifies that he struck the blow which produced the injury, and that the others only stood by and encouraged him in the act. This would constitute no defence in favor of the other defendants and might therefore be excluded. Or, if received, the jury would be instructed that they ought to assess damages for the full extent of the injury against all the defendants, each, in law, being equally liable for the entire injury. If, however, the witness called should prove that he alone did the injury and that the other defendants were

not present and knew nothing of the transaction, and the jury believe the evidence, they would find a verdict against the witness alone and in favor of the other defendants.

There is certainly a difficulty in some cases, in separating, in our minds, the evidence, so that a part of it shall weigh only against one of the defendants and a part against both; and I have seen that there is great danger that a jury will give to both defendants the benefit of the testimony of the one called as a witness. This objection however goes only to the policy of the law. I have found the same difficulty at the circuit where makers and endorsers are joined in the same suit and one of them is called as a witness for the other. But the second clause of the 297th section, above quoted plainly provides, that where a defendant is called to testify for his codefendant his evidence shall not be taken into consideration in deciding between the plaintiff and the witness; but it is to be received as against the other defendant. Such a discrimination is therefore required by the statute.

I have thus stated what I think is the true construction of the section in question, and have given my reasons for the opinions I entertain. There seems to me to be no great difficulty in giving full effect to this provision of the Code; and amidst the conflicting decisions made at the general terms, I think it is my duty to be governed by my own settled convictions, until the construction shall be settled by the Court of Appeals, or the legislature shall alter the law or pass a declaratory act.

I shall therefore admit Mr. Waters to be sworn in behalf of his codefendants.