## FITCH and others *vs.* BATES.

The assignor of a demand, in an assignment of his property in trust for the benefit of his creditors, can not be a witness for the assignees, in a suit brought by them to collect the demand.

Under the code, if the result of a cause will directly and immediately affect any right or interest of a person proposed as a witness, and adversely if against the party calling him, he is inadmissible. As where the judgment, *per se*, must necessarily create or take away a right, or enlarge or diminish a fund in which he had a direct interest; or vest in him, or divest him of, an estate.

But if the record only furnishes evidence for or against him, and the effect of the recovery is not direct and immediate, then the objection goes to his credit.

THIS was an appeal from a judgment entered on a report by a referee. The suit was brought by the plaintiffs, assignees of A. & B. Leonard, for the balance of an account claimed to be due from the defendant to A. & B. Leonard, which had been assigned to the plaintiffs. It appeared on the hearing that the assignment to the plaintiffs was for the benefit, generally, of the creditors of the Leonards. One of the plaintiffs, on being called by the defendant, testified that the inventory, on paper, showed enough to pay all the debts; but that he believed the assets were insufficient, and the failure a bad one. The referee decided that the Leonards (the assignors) were competent witnesses to prove the claim. The defendant excepted, and appealed to this court.

*G. M. Beckwith,* for the defendant.

*B. Pond,* for the plaintiff.

*By the Court,* HAND J. It was objected to the competency of the Leonards, the assignors, that they were parties to the record. This is not true in fact. The plaintiffs are styled assignees of the Leonards, in the title, but that style is not adopted in describing the plaintiffs, in the pleadings. Under the code, even, to sue in that form, except where the appointment has been by some judicial proceeding, would be

rather inartificial. And besides, that would not make the assignors parties to the suit.

Can the assignor of demands in trust for the payment of his creditors be a witness in a suit by the assignee, to collect them? This is the important question in this case.

It can not be pretended that he would have been competent before the code. (*Artcher* v. *Zeh*, 5 *Hill*, 200. *Carpenter* v. *Creal*, 6 *Hill*, 556. *Hopkins* v. *Banks*, 7 *Cowen*, 650. *Cowen & Hill's Notes*, 115. *Cummings* v. *Fullam*, 13 *Vt. R*. 44. 2 *Greenl. Ev*. § 392.)

But it is said, he is within the provisions of that statute. The construction of § 399, as found in the code of 1849, under which this cause was tried, is not perfectly obvious. Section 396 provides for the examination of a person "for whose immediate benefit the action is prosecuted or defended," though not a party to the action, in the same manner and subject to the same rules as a party. Sections 398 and 399 are as follows: § 398. "No person offered as a witness shall be excluded, by reason of his interest in the event of the action." § 399. "The last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended, nor to any assignor of a thing in action, assigned for the purpose of making him a witness."

These sections make a distinction between a person who has an "interest in the event of the action," and one "for whose immediate benefit it is prosecuted or defended." Owing, perhaps, to the haste which necessarily attended the passage of this bill, or to the general and imperfect character of such legislation, twice since it became a law in 1848, there has been a general revision of this code by the legislature, assisted by the commissioners. But the phraseology of these particular passages remained as at first; large additions having been made, however, the last time, to the last section. Perhaps from this, it may be reasonably expected that these clauses of the act will remain, at least until their practical effects shall be known and understood. Too much care, therefore, can not be bestowed to give them a correct construction.

Fitch *v.* Bates.

An interest in the event of a suit, naturally includes an immediate benefit to be derived from its prosecution or defense. But § 398 excepts the latter interest, and the present inquiry is, as to the nature and extent of that exception.

There would seem to be no difficulty in understanding what is meant by an interest in the event of an action. "Interest" means concern, advantage, good; share, portion, part, or participation; and "event," "the consequence of any thing, the issue, conclusion, end, that in which an action, operation, or series of operations, terminates." "Benefit," is simply advantage, profit. (*Webster.*) "Immediate," is often used in legal language. Immediate heir, immediate descent, immediate devise, immediate tenant, &c.; all of which are familiar to the bar. (*Dwarr. on Stat.* 776. 2 *Bl.* 226. 8 *Vin.* 83. 14 *Id.* 50.) Bouvier says: Immediate, is that which is produced directly by the act to which it is ascribed, without the intervention or agency of any distinct, intermediate cause. "The phrase, 'immediate interest' is one," says C. J. Tindal, "the meaning of which is now well ascertained." (*Hearne* v. *Turner*, 2 *M. G. & S.* 543.) And he gives, as instances of incompetency, a tenant, where his landlord is let in to defend; for he may be removed from possession if the defense fails, and therefore, he has an immediate interest in the event;" a person who has deposited money with a third person to abide the event of a suit; bail; persons who have made wagers on the event of the suit; which, he says, are instances to exemplify the rule; and adds, that this is the extent to which it has been carried; and he refused to extend it to one who testified that he had nothing to do with the suit, and in which, (an action of trover,) he was called to sustain a plea of title in himself; because, if the defendant succeeded, the witness must resort to an action to obtain his own rights in the matter. At common law, the interest, to disqualify, must be some legal, certain and immediate interest, however minute, in the *result* of the cause; or in the *record* as an instrument of evidence. (2 *Stark. Ev.* 747. 1 *Phil.* 55, 63. *Cowen & Hill's Notes*, 99. *Bent* v. *Baker*, 3 *T. R.* 26, *and notes to that case in* 2 *Smith's Lead.*

---

---

*Cas. Am. ed.*)  But a great change has been made in this state by the code ; and as much so, perhaps, in England, by two statutes.  (3 *and* 4 *Wm.* 4, *ch.* 43, § 26 ; *and* 6 *and* 7 *Vict. ch.* 85, § 1.)  A reference to these provisions, and the decisions under them, may be useful to a right understanding of our own statute.  By the first above named English act, if an objection was made to the witness on the ground that the verdict or judgment in the action in which it was proposed to examine him, would be admissible for or against him in another suit, still he was to be examined.  But a verdict or judgment in favor of the party calling him was not afterwards admissible in evidence for the witness, or any one claiming under him ; nor against him or any one claiming under him, if against the party calling him. The other statute, which was drawn by Lord Denman, and is usually called his act, took another step, and declared that no one should be excluded by crime or interest, but should be admitted to give evidence, "notwithstanding such person may have an interest in the matter in question, or in the event of the trial of any issue, matter, question or inquiry, or of the suit, action or proceeding" in which he is offered, and notwithstanding he had been convicted of crime.  "*Provided*, that this act shall not render competent any party to any suit, action or proceeding, individually named in the record, or any lessor of the plaintiff, or any tenant of the premises sought to be recovered in ejectment, or the landlord or other person in whose right any defendant in replevin may make cognizance, or any person in whose immediate and individual behalf, any action may be brought or defended, either wholly or in part, or the husband of such person," &c.  This last act, it will be observed, does not change the law as to five classes of interests.

Several decisions have been made since these acts took effect, some of which I will notice.

An executor and residuary legatee was admitted to prove the plaintiff's title to a horse, in a suit against a legatee of all the testator's horses, though, if the testator had title and the plaintiff failed, the estate might have to pay the unpaid purchase money for the horse.  (*Bowman v.  Willis,* 3 *Bing. N. C.* 669,

Fitch v. Bates.

1837.) In *Rees* v. *Walters*, a remainderman was admitted for a tenant in possession, claiming under him, in an action of trespass. (3 *M. & W.* 527.) This was merely a question of damages; but it was intimated that the case would have been different if it had been an action of ejectment. But it was held that an annuitant under a will, whose annuity was payable out of the land devised, was not competent, in an action on a bond against a devisee of the obligor; where the question was on the validity of the signature. (*Bloor* v. *Davis*, 7 *M. & W.* 235, 1840.) And so with a widow, in an action against an executor *de son tort*, where she was called to prove a bill of sale of the goods to the defendant by the intestate. (*Yardley* v. *Arnold*, 10 *M. & W.* 141.) A judgment for the plaintiff would fix a charge upon the assets, to the residue of which she was in part entitled. One who was not when the suit was commenced, but was when the debt was contracted, a member of a joint stock company, was permitted to testify for the defendant, though an execution might be taken out against him, if an execution against the company proved ineffectual. (*Needham* v. *Low*, 12 *Mees. & Welsb.* 560.) In *Wilson* v. *Magnay*, (1 *Car. & Kir.* 291) and *Wheeler* v. *Senior* (*Id.* 293,) both in 1844, a sheriff's officer was held to be a competent witness in a suit for neglect to execute process in his hands. In *Girdlestone* v. *McGowan et al.* (*Id.* 702,) the defendants made cognizance, first as bailiffs of A. and B. and secondly as bailiffs of A. and it was held by Alderson B. after conferring with Lord Denman, that B. was not a competent witness for the defendants, to sustain the second cognizance, though the defendants gave no evidence on the first, and offered to abandon it. This was in 1845, and in the same year it was held that a bankrupt was admissible to prove a petitioning creditor's debt; (*Udall* v. *Walton*, 14 *M. & W.* 254;) that a *prochien ami* might be a witness for the plaintiff; (*Sinclair* v. *Sinclair*, 13 *M. & W.* 640;) and that a husband could be a witness for his deceased wife's administrator, in a suit on a note given to her while *feme sole*. (*Hart* v. *Stephens*, 6 *A. & El. N. S.* 937.) *Hill* v. *Kitching*, was tried before Tindall, C. J. (2 *Car. & Kir.* 278,) and a new

trial denied in C. B. (3 *Man. G. & Sc.* 299, 1846.) The suit was by a ship broker for his commission; and one, who stated he had nothing to do with the negotiation, and had no claim on the owner of the vessel, but expected, pursuant to an arrangement with the plaintiff and the custom among brokers, to receive half that the plaintiff might recover, he having introduced the plaintiff to the defendant, was held competent. And in *Hearne* v. *Turner*, (2 *Id.* 535,) in trover for notes, the defendant pleaded that A. owned the notes, and that they were fraudulently obtained from him, and wrongfully delivered to the plaintiff, and that the defendant, by A.'s direction, took them; the issue being on property in A. The latter was held a competent witness for the defendant. In *Belcher* v. *Drake*, Wilde, C. J. held, in an action by the assignees of a bankrupt, who was not called as a witness, that his statements with regard to his affairs might be proved; but he rejected a creditor under the fiat. (2 *Car. & Kir.* 658.) And in *Thorpe* v. *Barker et al.* (5 *M. G. & Scott*, 675,) a defendant in trespass, who had suffered default, was not allowed as a witness for his co-defendant, on the trial of an issue against one, and assessment of damages against the witness at the same time. But Pollock, B. held a petitioning creditor to be a good witness to support the fiat, in an action of trover by the assignees. (*Johnson* v. *Graham*, 2 *Car. & Kir.* 808, 1848.) In *Sage* v. *Robinson*, (3 *W. H. & G.* 141,) a witness, one Smith, was admitted under these circumstances. The action was for money had and received. The defendant, an auctioneer, had sold an omnibus with which the plaintiff had intrusted him, the avails of which the plaintiff claimed, and so did Smith, the latter claiming that the plaintiff had sold it to him before the defendant had disposed of it; Smith, on being called, testified " I indemnified Robinson. Robinson said at first, he would defend the action; I said, I will share the loss."

These cases are sufficient to show the difficulty that the English courts have found in giving a construction to these statutes. In *Bowman* v. *Wills*, Tindall, C. J. said, there was " no immediate benefit " resulting to the witness from the termination of the suit, one way or the other; and that it was only on the sup-

Fitch *v.* Bates.

position of a subsequent action, &c., that his interest arose. *In Rees* v. *Walters,* the result could not change the possession. In *Bloor* v. *Davis,* the annuitant was directly interested to protect the land on which her annuity was charged. In *Yardley* v. *Arnold,* the widow was interested to prevent a recovery that would be a charge upon the assets. Parke B. said, an interest in the event of a suit, was some direct, immediate and necessary consequence, prejudicial to her interest," flowing from a verdict for the plaintiff, while from the verdict the other way, a corresponding benefit would result to her. These cases were before Lord Denman's act. In *Needham* v. *Law,* which was afterwards, Lord Abinger, C. B. said, he would be incompetent if he had an immediate interest in the event of the suit. But the former stockholder's interest was too remote. In *Wilson* v. *Magnay,* and *Wheeler* v. *Senior,* both cases after Lord Denman's act, the sheriff's officer was held competent because, as Wightman, J. said, the suits were not for the " immediate benefit" of the witnesses, as they could only be made liable through the medium of another action. *Girdlestone* v. *McGowan et al.* went off upon the exception in the act as to cognizances. In *Hart* v. *Stephens,* it was not shown that there would be any surplus after paying the debts of the deceased wife ; and it was held that, though he had a possible benefit from his wife's estate, he was admissible, at least under Lord Denman's act. The court seem to have taken a view of the nature of his interest, somewhat different from that entertained by this court, in *Woods* v. *Williams,* (9 *John.* 123.) And it seems to me, that the husband, in *Hall* v. *Stephens,* stood very much in the position of a child or other distributee, in case of intestacy, or a residuary legatee. Perhaps, however, more in relation to the estate, should have been shown. (*Duel* v. *Palmer,* 4 *Den.* 511.)

Tindall, C. J. said at *nisi prius,* in *Hill* v. *Kitching,* that there was no contract between the witness and defendant; his claim was solely on the plaintiff, and his position was like one who had made a wager upon the result of the action. That the suit was not in his behalf, but his only resource. was to bring

an action.   When the cause came before the whole court, he again stated, that if it had appeared that the plaintiff had made over a moiety to the witness, then he should have said he was a person in whose immediate and individual behalf the suit was brought.   But his claim was under a separate and distinct agreement, and there was no evidence to show he was a party to bringing the action.   And Coltman, J. remarked, it appeared to him, "that the party, 'in whose immediate and individual behalf the action is brought,' must mean the party who causes the action to be brought;" taking, it seems to me, a very narrow view of the matter.   Maule, J. thought the proviso excluded the plaintiff on the record, and any person who, though not the formal plaintiff, is substantially so; as an assignee of a bond in a suit in the name of the assignor.   And in *Hearne* v. *Turner*, as we have seen, tenants in suits by landlords, depositors of money depending upon the event of a suit, bail, &c. were said to be inadmissible.   In *Sage* v. *Robinson*, Pollock, C. B. said, " whenever the witness would, under the old law, have been rendered competent by release, he is now competent without one; that I consider a good test."   And Alderson, B. said, " when the interest arises out of a bargain, how can it be said to be immediate ?   The bargain is intermediate.   In the case of ejectment the interest is immediate, because the effect of the judgment is to turn the party, called as a witness, out of possession. Here the judgment has no effect upon the witness."

Under our code it has been held, that one, who had assigned his stock in a plank road company for the purpose of being a witness, but had no interest, was competent.   (*Ham. and Deansville Plank Road Co.* v. *Rice,* 7 *Barb.* 157.)   And so of the assignee of a note.   (*Everts* v. *Palmer, Id.* 178.)   They had no interest and would have been admissible before the code.   It would have been different, it seems, if they had remained interested.   (*Gridley, J.* 7 *Barb.* 162.)   In *Mesick* v. *Mesick,* (7 *Id.* 120,) legatees who appeared by counsel and were contesting the account of the executor on final settlement, were held incompetent, though on being offered they assigned all their claims upon the estate.   Both in this country and in England there has been

Fitch v. Bates.

much contrariety of opinion on the admissibility of a co-party. (*Selkirk* v. *Waters*, 5 *How. Pr. Rep.* 296. *Mech. & Far. Bank* v. *Rider, Id.* 401. *Safford* v. *Lawrence*, 6 *Barb.* 566. *Dodge* v. *Averill*, 5 *How. Pr. Rep.* 8. *Pack* v. *Mayor of N. Y.* 3 *Comst.* 489. *Norton* v. *Woods*, 5 *Paige*, 249. *Mills* v. *Lee*, 4 *Hill*, 549. *Perk. Coll. on Part.* § 810. *Bates* v. *Conkling*, 10 *Wend.* 389. *Scott* v. *Loyd*, 12 *Pet.* 145. *Cook* v. *Spalding*, 1 *Hill*, 256. *Thorpe* v. *Barber et al.* 5 *M. G. & S.* 675.) But that question does not directly arise in this cause ; for, as we have seen, the Leonards are not, in fact, parties to the record.

It is clear from this review of the authorities, which, however, throw some light upon the question before us, that the law is yet far from being wholly settled, here or in England. And I am inclined to think our statute extends but little further than that of 3 and 4 W. 4, which we have seen, was confined mainly to cases where the record would be evidence for or against the witness, or those claiming under him. The intimation of some of the English judges, that Ld. Denman's act admits every one, not actually participating in the prosecution or defense of the action, is very questionable, as it is pretty obvious that the proviso is more extensive in its operation ; and perhaps it will result in making an immediate benefit the criterion. However that may be, the test here is, whether the benefit is immediate. Participating in the prosecution or defense, unless so as to be made liable for costs, is not enough. Indeed, if one declines to interfere, or even discountenances the suit, still, if it is for his immediate benefit that the party calling him should succeed, he is not competent. And such is substantially the result in England. The phrases "immediate benefit," and "immediate interest," have been in common use. " A certain, direct and immediate interest." (1 *Phil. Ev.* 63.) "Immediate interest." (2 *Stark. Ev.* 744.) Tindall, C. J. in *Doe* v. *Tyler*, (6 *Bing.* 385,) where a remainderman after tenant in tail, was held incompetent for the tenant in tail, in ejectment for the entailed property, after stating Chief Baron Gilbert's rule as to competency, (*Gilb. Ev.* 106,) said : " Now this benefit may arise to the wit-

Fitch v. Bates.

ness in two cases; first, where he had a direct and immediate benefit from the event of the suit itself; and secondly, where he may avail himself of the benefit of the verdict in support of his claim in a future action; and where the case falls within the first description, in which the interest is more immediate and direct, there is no occasion to have recourse to the second principle, where the interest is one degree removed." And he puts the case of a residuary legatee, called for the executor in a suit for a debt due the testator; "not because the verdict would be evidence for or against him in the first suit, for he can neither be plaintiff or defendant in an action relating to this debt, but because he receives an immediate benefit by a verdict for the plaintiff." So of a tenant in possession, called for the defendant, his landlord. And the case of *Doe* v. *Tyler*, afforded another example of immediate benefit. For, by the recovery, the tenant in tail would have been *in* as of his former right, and therefore the witness, the remainderman, would have acquired a vested interest in the remainder in tail; for the seisin of a tenant in tail in possession, is the seisin of the remainderman; and therefore the witness had " a direct and immediate interest" in procuring a verdict. This case was decided before either of the English statutes to which I have referred, but it is an example that elucidates the expression, "immediate benefit." The witness offered was ninety years old, and the lessor of the plaintiff had sons and grandsons. Consequently, the probability of the witness ever enjoying the estate, if recovered, was very remote. In *Artcher* v. *Zeh*, (5 *Hill*, 202,) the court held that an assignor of a chose in action by way of collateral security for his debt, could not be a witness for his assignee, without a release. " A failure to recover," says Cowen, J. " would, of course, have been his loss to a corresponding extent." And a defeat of the assignee, on the merits, would bar any action by the assignor.

I think, under our statute, if the result of the cause will directly and immediately affect any right or interest of the person proposed as a witness, and adversely if against the party calling him, then he is inadmissible; as where the judgment, *per se*, must necessarily create or take away a right, or enlarge or

diminish a fund in which he has a direct interest, or vest in him or divest him of an estate. But if the record only furnishes evidence for or against him, and the effect of the recovery is not direct and immediate, then the objection goes to his credit.

Applying this rule; this suit was prosecuted for the immediate benefit of the Leonards. They were interested to protect and increase the fund devoted to extinguish their indebtedness. If they were solvent, a recovery would increase their surplus; and if they were not, it would lessen their liability. And even applying the test suggested by Pollock, C. B. in *Sage* v. *Robinson*, they were not competent, and could not have been, though the witnesses and the plaintiffs had interchanged releases; for the assignees are not the only creditors. A release from the other creditors interested was necessary. The judgment entered upon the report of the referee must be set aside; the costs of the defendant on this appeal to abide the event.

Judgment reversed.

[ESSEX GENERAL TERM, July 7, 1851. *Willard, Hand* and *Cady*, Justices.]