WESTON & RUSSELL, Respondents, *vs.* HUNT, Appellant.

1. Under the code, one partner is a competent witness for his co-partner, who is sued upon a demand against the firm.

*Appeal from St. Louis Law Commissioner's Court.*

*H. N. Hart*, for appellant.
*L. M. Shreve*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

This case was tried in the law commissioner's court, on an appeal from a justice's court. Weston & Russell sued Hubbell & Hunt, partners, on an open account, for services rendered and materials furnished. Process was served on Hunt alone, and the suit carried on against him. On the trial, Hunt offered C. B. Hubbell as a witness for himself, but the court rejected him as incompetent. It appears that C. B. Hubbell was a partner in the firm of Hubbell & Hunt, at the time of the date of the items in the account on which suit was brought. The only question is, whether the witness was competent.

1. By the common law, the witness was clearly incompetent. The present practice act prescribes that no person offered as a witness shall be excluded by reason of his interest, but it excludes a party to the action, and every person for whose immediate benefit it is prosecuted or defended, so that it is not the quantum of interest which disqualifies, but the attitude of the person offered as a witness to the action. Now, if it can

be said of this witness that this suit is defended for his immediate benefit, it is not perceived why the same thing may not be said of every witness who has an interest in the event of the action, and so the statute will be denied any force or effect. By the words, *person for whose immediate benefit a suit is brought or defended,* the statute intended one whose relation to the action is similar to that of him who, under the old system, prosecuted a note transferred to him without writing. He was compelled to sue in the name of him to whom the note was payable, though he would receive the benefit of the suit himself. He is intended, who has a right to control the suit, though it is not in his name. The close connection of these words to the words *party to the action,* shows what meaning was designed to be attached to them. Though not nominally, he must beneficially be the party to the suit. This is the character of persons designed to be excluded, and none other.

The other judges concurring, the judgment will be reversed, and the cause remanded.