Vanduzen  v.  Worrell.

---

## Vanduzen *v.* Worrell.

N. having recovered two judgments against H. resorted to proceedings supplementary to the execution, and procured the appointment of V. as receiver, and an order that the property of H. not exempt, &c., be applied towards the satisfaction of the judgments.  H. made an assignment to the receiver, in the usual form.  In an action brought by V. as receiver, against a debtor of H. to collect a debt claimed to be due from him; *Held*, that H. was not a competent witness to establish the claim against the defendant, on the ground that the action was prosecuted for his *immediate benefit*.

This case distinguished from *Davies* v. *Cram*, (4 *Sandf. S. C. Rep.* 355.)
*Fitch* v. *Bates*, (11 *Barb.* 471,) approved.

This was an appeal from a judgment entered upon the report and decision of a referee.  The facts sufficiently appear in the opinion of the court.

*N. Dayton*, for the plaintiff.

*S. Caverno*, for the defendant.

*By the Court*, Marvin, P. J.  In my opinion Philo Haskins was not a competent witness.  This case is, I think, stronger than *Fitch* v. *Bates*, (11 *Barb.* 471.)  In that case the witnesses had made a voluntary assignment for the benefit of creditors, and it was held that they were not competent witnesses for the

assignee, in an action against a debtor of the witnesses. (*Davies* v. *Cram*, (4 *Sand. S. C. R.* 355,) is directly in conflict with *Fitch* v. *Bates.*

In the present case Haskins was the debtor of Nelson. The latter had recovered two judgments against him, amounting to about three hundred dollars, and had resorted to proceedings supplementary to the execution, and procured the appointment of the plaintiff as receiver, and an order that the property of the debtor not exempt, &c., be applied towards the satisfaction of the judgments. Haskins made an assignment to the receiver, in the usual form. The receiver brought this action against the defendant, and Philo Haskins was the principal witness to establish the claim against the defendant. He was interested in the event of the action. This alone would not exclude him as a witness. Was the action prosecuted for his *immediate benefit?* If it was, then he was an incompetent witness. (*Code,* §§ 398, 399.) It seems to me if the action was not prosecuted for Haskins' *immediate benefit,* it will be difficult to present a case where the action is for the immediate benefit of any one not a party to it. The plaintiff is a mere trustee. He has no beneficial interest in the action. It is said that the action is for the immediate benefit of Nelson, the judgment creditor of Haskins. Suppose it is : it is also for the immediate benefit of Haskins. Every dollar collected in the action, to an amount sufficient to pay the judgments in favor of Nelson, is *appropriated by the law* to the payment of these judgments, and will not this be for the *immediate benefit* of Haskins? The receiver has no discretion in the matter. The law has pronounced judgment, and directed that all the property of Haskins not exempt from execution, in his or other persons' hands, or due to him, be applied towards the satisfaction of the judgments, and he is permitted to come in as a witness and say that he has property in the hands of the defendant, more than enough to pay the judgments, and thereupon it is taken by the receiver and the judgments are paid. When the receiver gets the money, it will not be necessary to sue him; but if he should refuse to satisfy the judgments, the court would at once order him to do so, at the instance of

either Nelson or Haskins. In the case of a voluntary assignment it would be necessary to resort to an action against the assignee, to compel an execution of the trust. It seems to me that this case is distinguishable from *Davies* v. *Cram.* In that case it was remarked that, as a general rule, a creditor of the insolvent debtor is also a competent witness in a suit by the assignees, though it is possible there may be exceptions, as where there is but a single creditor, who would be entitled to the whole proceeds of the recovery, and where the subject matter in controversy involves the whole of the assigned estate.

It is also remarked, that the persons first and immediately entitled to the proceeds are the plaintiffs, as the assignees of the debtor, if after the payment of his debts the surplus would go to him.

An analogy is thus instituted between him and stockholders of banks, &c. It seems to me there is a wide difference. A stockholder of a bank has no immediate claim to the recovery, nor any claim, till the debts of the corporation are paid. The property of the corporation is controlled by the corporation, and, to secure his private particular interests, he may be obliged to resort to an action. He has no *immediate* benefit from the result; but if benefited, he may be obliged to resort to other legal proceedings. The remark of the learned judge, that the persons *first and immediately* entitled to the proceeds are the assignees, may be well enough. They may be entitled to receive the proceeds ; but is the action for their *benefit* immediate or remote ? I do not see that they have any beneficial interest. It seems to me the creditor and the debtor have. It has been attempted to establish, as a test, whether the party offered as a witness will have the right to receive at once the recovery—whether he can control it. This may be a safe test, in many cases. It proceeds upon the ground that if the witness will be compelled to resort to his action to obtain his rights, his benefit is not immediate. But in a case where the rights have been established by the judgment of the court, and where the very proceeding or action in which the witness is called will necessarily result in the payment of his debt, if there is a recovery, it seem, to me that

the action is for his immediate benefit. No subsequent or intermediate proceedings are necessary. Such is 'the case here, and in my opinion Philo Haskins was not a competent witness. See also 3 *Code Rep.* 24, an action brought by trustees appointed under the revised statutes relating to attachments against non-resident debtors. See also *Fitch* v. *Bates,* (*supra,*) where Justice Hand has, with his usual diligence and ability, examined the question, and collected the English cases. I am inclined to think that case was properly decided. This case, it seems to me, is less difficult than that. There should be a new trial ; costs to abide the result. I do not deem it necessary to express an opinion upon the other questions.

[GENESEE GENERAL TERM, September 4, 1854. *Marvin, Bowen, Mullett* and *Green,* Justices,]