Symonds agt. Peck, and Peck, jr.

—————•◆•———

## SUPREME COURT.

JOHN L. SYMONDS agt. HENRY PECK, and PHILIP PECK, jr.

The 398th section of the Code says, that no person offered as a witness shall be excluded by reason of his *interest* in the event of the action; and section 399 says, that the last section shall not apply to a *party* to the action, nor to any person *for whose immediate benefit* it is prosecuted or defended.

This last provision, that it shall not apply to a party to the action, does not mean to embrace that class of cases embraced by section 390, which gives the plaintiff the right to call either of the defendants, or either of the defendants to call either of the plaintiffs as a witness.

But a person incompetent to testify as a witness for a party, cannot be rendered competent by being made a party to the record.

An assignee in trust for the benefit of creditors, who prosecutes an action for the recovery of possession of premises assigned, may have the benefit of the testimony of the *assignor*, whether the latter is a party defendant or not. Although the assignor may be interested in the event of the action, that alone is not sufficient to disqualify him as a witness. Nor is such an action prosecuted for the *immediate benefit of the assignor* within the meaning of the Code, and therefore he is not disqualified from being a witness on that ground. (*This agrees with Davies and Rockwell agt. Cram and others,* 4 *Sand. S. C. R.* 355; *and Allen and others agt. The Franklin Fire Insurance Company,* 9 *How. Prac. R.* 501; *and is adverse to Fitch agt. Bates,* 11 *Barb.* 471.)

Where premises have been sold on judgment and execution, and bid off by a purchaser, and redeemed by a junior judgment creditor, and again redeemed from the latter by another junior judgment creditor, the *judgment debtor* can not set up an objection to the title, that the first judgment on which the premises were sold, had been paid and satisfied before the first redemption. No matter to him whether that judgment had been paid or not; he neglected to redeem within the year allowed him; and if the judgment creditors redeemed after the year expired, it was, as to him, *res inter alios acta.*

*Broome General Term, January,* 1855.

SHANKLAND, GRAY, and MASON, Justices.

THIS is, an action of ejectment; and it seems to have been admitted upon the trial that on the 19th day of May, 1838, Philip Peck, jr., received a conveyance in fee of these premises from Philip Peck, sen., and both parties upon the trial claimed title from Philip Peck, jr. The plaintiff makes title through a trust deed from Philip Peck, jr., dated March 19, 1851, conveying the premises to him in trust, for the benefit of the creditors of the said Peck. The defendant, Henry Peck, alone answered, and set up the following title, which he established by his evidence :—

1st. A judgment in the supreme court in favor of Joshua Pratt, against the said Philip, for $117.98, docketed March 29, 1848. 2d. An execution issued thereon, June 5, 1848, to the sheriff of Chenango county, with a return thereon, showing the same was satisfied. 3d. A sheriff's certificate of sale of the said premises, to Lovina Clark. 4th. A judgment in the supreme court in favor of the Chenango Bank, against said Philip Peck, jr., for $704.98, docketed March 20, 1844. 5th. An assignment of the said last mentioned judgment, by the bank, to William Tiffany, dated July 8, 1850; also, an affidavit of said Tiffany, made July 30, 1850, that there was due on the said judgment $186.30. 6th. A transcript of a justice's judgment in favor of Peter H. Titus, and William H. Titus, against said Philip Peck, jr., for $45.11, rendered Aug. 8, 1849—transcript filed and judgment docketed same day. 7th. A redemption by Tiffany on the Chenango Bank judgment, and a redemption from him by the Messrs. Titus on their judgment. 8th. A deed from the sheriff of Chenango county to the Messrs. Titus. 9th. A quit-claim deed from the Messrs. Titus to Wm. Tiffany. 10th. A quit-claim deed from William Tiffany and wife to the defendant, Henry Peck.

Both of the defendants were in possession of the premises at the time of the commencement of this suit, and refused to deliver up the possession to the plaintiff. They were in possession at the date of the deed of trust to the plaintiff. The de-

fendant, Henry Peck, went into possession of the premises under Philip Peck, jr. He took a written lease of the premises on the 1st day of March, 1850, of Philip Peck, jr., for one year, and went in under that lease. Upon the trial of the cause, the plaintiff called the defendant, Philip Peck, jr., and asked the court to have him sworn as a witness for the plaintiff; and the defendant, Henry Peck, objected to the witness being sworn as a witness for the plaintiff, on the ground that he is the assignor under whom the latter claims the land in controversy, and on the ground that the action is prosecuted for his immediate benefit. The court sustained the objection, and excluded the witness; and the plaintiff excepted.

Upon the trial of the cause, the plaintiff offered to prove by Elisha B. Smith, under-sheriff, who had the execution on the bank judgment, that that judgment was paid and satisfied before Tiffany redeemed on it, from the bid made by Mrs. Clarke. The defendants' counsel objected to the evidence, on the ground that Philip Peck, jr., did not redeem within the year after the sale to Mrs. Clarke, and that his right to redeem was gone, and it was therefore immaterial whether the bank judgment was paid or not when Tiffany redeemed on it. The court sustained the objection, and excluded the evidence.

There are other facts appearing in the case, and other questions were presented and decided upon the trial, and exceptions taken; but these facts stated, are sufficient to present the questions which I propose to discuss.

D. S. DICKINSON, *for plaintiff*.

JOHN A. COLLIER, *for defendants*.

By the court—MASON, Justice. The first question which I propose to consider is, the exception taken to the rejection of Philip Peck, jr., as a witness for the plaintiff. The 390th section of the Code provides, that "a party to the action may be examined as a witness at the instance of the adverse party, or any one of several adverse parties, and for that purpose may be compelled in the same manner, and subject to the same

rules of examination as any other witness, to testify, either at the trial, or conditionally, or upon commission."

It is claimed and insisted, however, by the defendant, Henry Peck, that the fact that Philip Peck, jr., is made a party defendant, cannot render him a competent witness as between him and the plaintiff on the issue in this action, if he would be incompetent as a witness for the plaintiff were he not a party to the suit. In this he is most clearly right; for the principle is undoubtedly sound, that a person incompetent to testify for a party, cannot be rendered competent by being made a party to the record. (*Pillow* agt. *Bushnell*, 5 *Barb. R.* 156.)

The question recurs, then, whether Philip Peck, jr., would be a competent witness for the plaintiff on this issue joined between the plaintiff and the defendant, Henry Peck, were he not a party defendant in the action? The 398th section of the Code declares that no person offered as a witness shall be excluded by reason of his interest in the event of the action; but section 399 declares, that the last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended. This provision, that it shall not apply to a party to the action, does not mean to embrace that class of cases embraced by section 390, which gives the plaintiff the right to call either of the defendants, or either of the defendants to call either of the plaintiffs, and consequently would not deprive the plaintiff of the right to call Philip Peck, jr., because he is a defendant in the suit.

The whole question, then, depends upon the fact whether Philip Peck, jr., is the person for whose immediate benefit this action is prosecuted? If so, he is not a competent witness; if not, he is a competent witness for the plaintiff, and the court erred in excluding him.

This question came before the superior court of the city of New-York, in the case of *Davies & Rockwell* agt. *Cram and others*, (4 *Sanf. S. C. R.* 355,) and that court held, in just such a case, that the insolvent debtor who has assigned his property to assignees for the payment of his debts, is a competent witness in an action brought or defended by his assignees in rela-

tion to his estate—holding that such suit is not prosecuted or defended for his immediate benefit, within the meaning of the Code. To the same effect, precisely, is the case of *Allen and others* agt. *The Franklin Fire Insurance Company*, (9 *How. P. R.* 501,) decided by the full bench of the third district.

. I am aware that this question was decided otherwise in the case of *Fitch* agt. *Bates*, (11 *Barb. Rep.* 471,) by the general term of the fourth district. I have examined these cases with some care, and have come to the conclusion that the question is rightly decided by the superior court, and the bench of the third district. The plaintiff sues as trustee, and the fund of the litigation goes first to the creditors of Philip Peck, jr.; and none of it will ever come to the hands of Peck, unless there is a surplus after paying his creditors. It is true, Peck is interested to have the plaintiff recover, but that does not disqualify him as a witness, unless the suit is prosecuted for his immediate benefit within the meaning of the Code, and which I do not think it is.

As to the question whether the bank judgment was paid or not, I do not see what difference it can make with Philip Peck, jr., or the plaintiff. The time for redemption had gone by as to Philip Peck, jr.; and whether the sheriff conveyed to Lovina Clarke, the purchaser of Tiffany, or the Messrs. Titus, was wholly immaterial to him. The Messrs. Titus certainly had a right to redeem on their judgment of Mrs. Clarke; and whether they redeemed directly of her or of Tiffany, does not concern the plaintiff or Philip Peck, jr. If the bank judgment was in fact paid, the Messrs. Titus paid $184.30 more to redeem on their judgment than they were required to pay; but it is not perceived how that can invalidate their redemption. As regards Philip Peck, jr., or the plaintiff as his assignee, these intermediate redemptions by his creditors are "*res inter alios acta.*" (1 *W. R.* 46.)

The judgment should be reversed, and a new trial granted: costs to abide the event, for the exclusion of Philip Peck, jr., as a witness for the plaintiff.