BARCLAY, Respondent, v. GLOBE MUTUAL INSURANCE COM-
PANY, Appellant.

1. In a suit against a corporation, a stockholder thereof is a competent witness
   in behalf of the corporation; he is not a person for whose immediate ben-
   efit the suit is defended, although, in case of a deficiency of corporate prop-
   erty, his individual property would be liable to be taken on execution to
   double the amount of his stock.
2. *Quere*, would he be a competent witness if the corporation should be shown
   to be insolvent?

*Appeal from St. Louis Court of Common Pleas.*

This suit against the Globe Mutual Insurance Company
was commenced March 27, 1855. The defendant, at the
trial, called as a witness W. W. Greene, president of the
Globe Mutual Insurance Company, the defendant, who, being
examined on his *voir dire*, stated that he was a stockholder
in said company. The court ruled that he was incompetent.
It is deemed unnecessary to set forth the facts bearing upon
the other questions discussed.

*Hudson & Thomas* and *Biddlecome*, for appellant.

I. Greene, although a stockholder, was a competent wit-
ness. He was not a person for whose immediate benefit the
suit was defended. (York & Cumberland R. R. Co. v.
Pratt, 40 Maine, 453; 1 Greenl. Ev. § 416; Washington
Bank v. Palmer, 2 Sand., S. C. 686; N. York & Erie R. R.
v. Cook, id. 732; Montgomery Bank v. Marsh, 3 Seld. 481.)

*S. T. & A. D. Glover*, for respondent.

I. Mr. Greene was an incompetent witness. The suit was
defended for his immediate benefit. If no corporate property
could be found, then his private property was liable to the
execution. (R. C. 1845, p. 233, § 13; Bank of Ithica v.
Bean, 2 Code Reporter, 133.) When the judgment in a
cause binds the party so that an execution may issue against
him without further judicial action, it would seem to fix an
immediate benefit or interest in him to defeat the suit. If

not, it would be difficult to conceive in what manner such benefit could arise. No owner of a steamboat has been allowed since the new practice act to testify on behalf of the boat; yet the steamboat is a person by our law and may be sued as such. (19 Mo. 73.)

Scott, Judge, delivered the opinion of the court.

This judgment will be reversed for the reason that the evidence of the president of the company, who was a stockholder, was excluded. A stockholder of a corporation, which is a defendant in an action, is not a person for whose immediate use such action is defended. Although the property of the witness was liable to an execution in the event of a want of corporate means to satisfy the judgment that might be recovered, yet, as the want of those means was not shown, the relation of the stockholder to the corporation was not variant from that of a stockholder in any corporation which was not subject to an execution, so far as this question is concerned. We express no opinion on the question of the competency of the witness had the insolvency of the company been proved. Under our statute, it has been held that a partner not a party to an action was a competent witness for the partner who was sued. (Weston v. Hunt, 19 Mo. 505.) So also, that a distributee was a competent witness for the administrator in prosecuting or defending a suit for or against an estate. (Stein v. Weidman's Adm'r, 20 Mo. 17.) Is the stockholder of a corporation more interested than a partner in trade or a distributee? The precise point involved in this suit has been determined by the court of appeals in New York. It was there held that a stockholder of a corporation is not a person for whose immediate benefit the suit is prosecuted in an action in which such corporation is plaintiff and in which such stockholder is not individually named as a party. (Montgomery Co. Bank v. Marsh, 3 Seld. 485.) This case cited and approved several preceding decisions of the question in the same way. These were all under a statute from which ours was copied.

We suppose that the defendant could not prove any fraud in the transaction unless it was set up as a defence to the action. But as the case will be remanded it may be as well to submit our present views in regard to that matter. If there was any written protest other than that recited in the agreement, it does not appear in the record. If there was none other, then the inquiry would be limited to the truth of the fact recited, because it would sufficiently appear that the parties compromised and settled upon the truth of that fact alone, disregarding all others as immaterial. Under the circumstances such a conclusion would not be unreasonable. But if there was a full protest made out stating all the circumstances of the loss, we are not now prepared *to say that* the word " declaration" in the agreement would not refer to all the material facts set forth in the protest. The language of the agreement is not the said *declaration* in the protest, but the declaration in the said *protest.* In such case the portion of the declaration set out might have only been intended for the identification of the instrument. But as the paper is not before us, if there is any such, we can give no authoritative interpretation of it.

Judge Napton concurring, the judgment will be reversed and the cause remanded; Judge Richardson not sitting.