SAWYER, Defendant in Error, v. MITCHELL, Plaintiff in Error.

1. Interest in the event of a suit does not render the person so interested an
   incompetent witness.
2. The fact that a person introduced as a witness had, before the commence-
   ment of the suit, received an order from the plaintiff for sum sued for, the
   order not being accepted in discharge of the debt due him from the plain-
   tiff, and that he was authorized to bring suit for the plaintiff, does not dis-
   qualify him as a witness in behalf of the plaintiff; the suit is not prosecuted
   for his immediate benefit.

*Error to Ralls Circuit Court.*

*Porter & Harrison,* for plaintiff in error.

I. Hardin was an incompetent witness. (18 Mo. 564;
24 Mo. 262; 23 Mo. 182; 3 C. B. 299.)

*S. S. Allen,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

A witness (Hardin) for the plaintiff, on his *voir dire*, tes-
tified that before this suit was brought the plaintiff had given
him a written order on the defendant for the sum which was
in controversy in this action; that the plaintiff was indebted
to him and gave him the order for the purpose of enabling
him to collect the amount and apply the proceeds to the pay
ment of plaintiff's debt to him; that he did not take the
order in discharge of his debt; that he presented the order
to the defendant and its payment was refused; that he was
authorized as agent for the plaintiff to institute this suit. On
this, the defendant objected to the witness on the ground that
the suit was brought for his use. The court overruled the
objection and the defendant excepted.

We do not see the ground on which it can be maintained
that this suit was brought for the use of the witness in the
sense in which that phrase in the statute is to be understood.
The law declares that an interest in the suit shall not dis-
qualify a witness. At the same time it provides that neither

party shall be a witness in his own behalf. We must bear this provision in mind in considering this question. There are cases in which the real plaintiff in interest (one so to all substantial purposes) is compelled to use the name of another in order to recover his rights, where he has as absolute control over the suit as though he was the nominal as well as the real plaintiff. It is to these the statute applies. An interest in the suit does 'not disqualify a witness. It is only when he is the real plaintiff in interest, compelled to use the name of another in asserting his rights, that he is disqualified. This witness was not disqualified. In no sense could it be said that this suit was brought to his use. If the suit failed, the witness would not have lost his debt. The plaintiff would still have been liable to him. He was not liable for costs. That the plaintiff intended or the witness expected to be paid out of the sum recovered, did not make him one for whose use the suit is brought.

The other judges concurring, the judgment will be affirmed.