JOHN M. KRUM *et al.*, Respondents, v. WATSON BEARD *et al.*, Appellants.

1. One who has made an assignment of his property for the benefit of his creditors is a competent witness to support the title of his assignees. He is not a party for whose immediate benefit the suit is instituted by the assignee. *The cases upon this point examined.*

*Appeal from St. Louis Circuit Court.*

Rogers, Anderson & Co. made an assignment for the benefit of their creditors to Charles R. Anderson, who, resigning his trust, the plaintiffs were, by the circuit court, appointed assignees. The defendant Watson, as constable, under an execution in favor of Beard *et al.* against the assignors, levied upon part of the assigned effects. At the trial Rogers, one of the assignors, was offered as a witness for the plaintiff, and was admitted against the defendant's objection.

*N. McDonald*, for appellants.

Charles Rogers, the maker of the deed of assignment, was an incompetent witness. He was a party for whose " immediate benefit" the action was prosecuted. (Fitch v. Bates, 11 Barb. 471; Van Dusen v. Worrill, 18 Barb. 409.)

*Krum & Harding*, for respondents.

Rogers was a competent witness. (1 How. Prac. R., 395, overruling; Fitch v. Bates, 11 Barb. 471 ; 4 Sand. Sup. Ct. R. 355 ; 1 Phil. Ev., 4th Am. Ed., 74, 75 ; 19 Barb. 442.)

The witness stood indifferent whether the plaintiffs sold the property or received its value, as in either case the proceeds would be applied in payment of the debts secured.

BATES, Judge, delivered the opinion of the court.

Rogers, Anderson & Co. made a general assignment for the benefit of creditors to Charles R. Anderson. Charles R. Anderson subsequently resigned the trust, and Krum and Harding were appointed in his stead. Beard & Brother, creditors of Rogers, Anderson & Co., caused a portion of the assigned property to be seized on execution. The assignee brought this suit against them for the alleged trespass. It was dismissed as to Watson. The record does not show that any objection was made to the instructions given at the trial, and though the bill of exceptions states that objection was made to the refusal of instructions prayed by the defendant, it does not appear that any instructions were refused ; so no point arises upon the instructions. At the trial the plaintiff called as a witness Charles Rogers, one of the assignors, and the defendant objected to him " for incompetency on the ground of interest." It is now urged that he was incompetent, because he was a party for whose " immediate benefit " the action was prosecuted. If, by liberality, this objection be understood to have been included in that made in the court below, that question is to be considered. Supposing the plaintiffs to be mere trustees without interest, the first persons to be benefitted by a judgment in favor of the plaintiffs would be the creditors of Rogers, Anderson & Co., and Rogers could have no interest in the fund until all the creditors of Rogers, Anderson & Co. were fully paid, including the defendants themselves. Rogers may, indeed, have a pecuniary interest in the result of the suit, but it is so remote that it can not be

said that the suit is prosecuted for his immediate benefit. The supreme court of New-York has at different times decided the question differently, the court holding in the latter cases that the assignor is a competent witness. In Fitch v. Bates, 11 Barb. 471, and Van Dusen v. Worrell, 18 Barb. 409, the court held that a suit by the assignee was for the immediate benefit of the assignor, and the assignor was not a competent witness. In Allen v. Franklin Ins. Co., 9 How. Prac. 501, and Symonds v. Peck, 10 How. Prac. 395, and a case in 4 Sand. Sup. Ct. 355, the court held that such assignor was a competent witness. The sixth section of the statute of Missouri concerning witnesses, (p. 1577,) enacts that "a party to the action, or any person for whose immediate benefit the action is prosecuted or defended, except as hereinbefore provided in this act, shall be incompetent to testify." The first section enacts that "no person offered as a witness shall be excluded by reason of his interest in the event of the action." The third section provides that "any party to a civil action or proceeding may compel any adverse party or person for whose benefit such action or proceeding is instituted, prosecuted, or defended, to testify;" and this court has held that such adverse party must be adverse in interest, and not merely adversary upon the record. It is obvious that the statute distinguishes between a person interested in the event of the action and a person for whose immediate benefit the action is prosecuted or defended. The one is competent to testify, the other is not competent. Without undertaking to define precisely the distinction made, it is sufficient to say that the current of decisions in this state seems to indicate that no person can be considered a "person for whose immediate benefit the action is prosecuted or defended," unless such person have such relation to the party prosecuting or defending as to be entitled to control the prosecution or defence, or unless such person be under some special disability to sue or be sued, which does not disable him from testifying. The decisions are as follows: In the case of Stein v. Weidman's adm'r, 20 Mo. 17, this court held

that a distributee of a solvent estate was a competent witness for the defendant against a plaintiff who had exhibited an account for allowance against the estate. That case expressly overturned the case of Penn v. Watson, 20 Mo. 13, and covers fully the case now under consideration. In the case of Laumier v. Francis, 23 Mo. 181, the court held that a person who acknowledges himself bound to pay half the damages and costs in case of a recovery by the plaintiff, is not a person for whose immediate benefit the action is defended, and is a competent witness for the defendant. In the cases of Barclay v. Globe Mut. Ins. Co., 26 Mo. 490, and Bredow v. Mut. Sav. Ins., 28 Mo. 183, it was decided that stockholders in corporations are competent witnesses for the corporations. In Sawyer v. Mitchell, 27 Mo. 510, a witness was held competent to testify for the plaintiff, who, before the suit was brought, had received from the plaintiff an order for the sum sued for, with authority to bring suit, but had not accepted the order in discharge of a debt due him from the plaintiff. In Gott v. Williams, 29 Mo. 461, a witness was held competent, who, having sold a horse to the plaintiff which was seized under execution against a third person, agreed with the plaintiff to repay him the value of the horse, and that plaintiff was to commence the action for the tresspass in seizing the horse, and prosecute it for the benefit of the witness, and that the witness was to pay all costs that might accrue, and have whatever might be recovered. There can be no doubt that Rogers was a competent witness.

The other judges concurring, the judgment is affirmed.