STEIN, Defendant in Error, *vs.* WEIDMAN'S ADMINISTRATOR, Plaintiff in Error.*

1. The distributee of a solvent estate is a competent witness for the estate, under the new practice. (*Penn* v. *Watson*, ante, overruled.)
2. A widow is a competent witness for or against her deceased husband's estate, as to facts which she did not learn from her husband.
3. The wife of an administrator is a competent witness for her husband, when sued upon a demand against the estate of his intestate, her former husband, as to facts which came to her knowledge before letters granted.

*Error to St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*C. Gibson,* for plaintiff in error. A distributee of an estate is not a party to the action, nor a person for whose *immediate* benefit it is defended, within the meaning of the new practice

———

* This and the three next following cases were decided at the March term, 1853.

act. While the administration is open, the administrator acts for the creditors, as well as the distributees. If a distributee is incompetent, so is a creditor. The competency of the witness cannot be made to depend upon the solvency or insolvency of the estate; for it may be impossible, when the witness is offered, to know whether the estate will prove solvent or insolvent. Under the law, as it stood before the new act, a distributee was incompetent, on the ground of *interest*, and not of being a party for whose immediate benefit the suit was prosecuted or defended.

*C. C. Whittelsey,* for defendant in error. 1. The widow of the intestate, whose estate is solvent, is not a competent witness for the administrator. The new code only abolishes disqualification arising from *interest*, and still leaves a party for whose benefit a suit is prosecuted or defended disqualified. By our statute, the widow takes one third of the personal estate absolutely, subject to the payment of debts. The widow and next of kin really own the estate, and the administrator is a mere trustee. (New code, art. 25, §1 and 2. *Bank of Ithica* v. *Dean,* 1 N. Y. Code Rep. 133. *Hoffman* v. *Stevens,* 2 N. Y. Code Rep. 16. 3 Code R. 24.) 2. She should also be excluded as the widow, for, as she still remains protected from divulging the secrets of her deceased husband, she should not be allowed to testify for the estate. (1 Greenl. Ev. §337.)

RYLAND, Judge, delivered the opinion of the court.

The only question in this case is in relation to the admissibility of the witness, Elizabeth Schell, the wife of the defendant, and former widow of Weidman, the intestate. Schell, the administrator of the estate of Adam Weidman, is sued by Stein for work and labor done by Stein for said Weidman ; or, rather, Stein exhibited his demand against the estate of Weidman, for allowance in the Probate Court, for $788, on which was a credit of $500.

This demand was disallowed, all except the sum of $88, which last sum was allowed in favor of Stein, against the estate of Weidman. From this judgment, Stein appealed to the Circuit Court, and there obtained judgment for the sum of $325 44.

On the trial of the appeal in the Circuit Court, the administrator, Schell, offered the widow of said Weidman, deceased, who was then his own wife, as a witness, to prove an agreement between said plaintiff, Stein, and said Weidman, about this demand. The plaintiff objected to the witness as incompetent. The court sustained the objection, and excluded the witness. The administrator, defendant, prayed for a review and for a new trial. His motion being overruled, he sues out his writ of error.

The estate of Weidman was admitted to be solvent. In the case of *Scroggin & Smith* v. *Holland*, decided heretofore by this court, (16 Mo. R.) the question of the competency of the widow, as a witness, for the benefit of the estate of her deceased husband, was before the court, and it was there held, that she was competent. In that case, the estate was insolvent, and it was admitted that she had received all she was entitled to. In the present case, the estate is solvent. This does not alter the question in relation to the competency of the witness.

The objections to the competency of this witness rest upon the ground that she is a distributee, is entitled to a share in the estate of her deceased husband, and that, therefore, the suit is defended for her immediate benefit ; and so she cannot be a witness under the new code ; and that the policy of the law will not suffer the widow to testify in behalf of the estate of her deceased husband. These objections are fully within the principles of the case of *Scroggin & Smith* v. *Holland*, and have been overturned by the decision therein.

In addition to what is said in that opinion, it may not be amiss to cite some authorities, settling this question, and putting it at rest for the future. In *Babcock* v. *Booth*, 2 Hill's Rep. 181, it was held, that the widow was a competent witness

to testify against the administrator of her deceased husband, in respect to any facts which she did not learn from her husband.

In the case of *Weston* v. *Hatch, Ex'r*, in an action against an executor for work and labor and services done for the decedent, a residuary legatee, under the will, was held a competent witness for the executor. (6 Howard's Prac. Rep. 443.) In this case, the court, by Hubbard, Justice, delivered the opinion, in which it is stated that, "prior to the code, the incompetency of a residuary legatee, in behalf of personal representatives, was undisputed. He had a direct interest to sustain or defeat a recovery, because affecting the residuum of the estate in which he was a participant. But we think the referee erred in applying the former rigid common law rule to a case like the present, under the code; or in holding, that a residuary legatee, of a solvent estate, was immediately interested, and therefore incompetent as a witness. Under the code, no interest disqualifies except as applied to a party to the suit, or to a person for whose *immediate* benefit the action is prosecuted or defended. When not a party, the latter exception applies to a person standing in close legal relationship to the party to the action, and for whom the party would hold the fruits of the judgment, as trustee; for instance, the *cestui que trust* or ward, when the trustee or guardian prosecutes or defends. It was the intent of the legislature to change, radically, the law of evidence, as to the competency of witnesses; to discard the common law test of pecuniary interest in the event of the suit, and to exclude only parties to the record and those who are *quasi* parties, by reason of an immediate beneficial interest. This is obvious, from the use of the term "immediate benefit," as distinguished from a resulting or collateral interest in the event." Our code and the New York code are similar in regard to the competency of witnesses.

In the opinion of this court, the widow of a decedent may be a witness for or against the administrator or executor of the estate of her deceased husband, whether solvent or insolvent,

as to all such facts as the policy of the law does not require to be kept sacred and secret between husband and wife, during marriage. See, again, *Babcock* v. *Booth*, 2 Hill, 181. This disposes of the questions in the case discussed by the counsel, in their briefs, and the court might stop here, reversing and remanding the case; but we see upon the record another question which, though passed by in silence by the counsel of the parties, we will still decide and settle.

The new code does not change the relation of husband and wife from what it was at common law, as regards the competency of either to testify for or against each other. (*Pillow* v. *Bushnell*, 2 Code Rep. 19. Erwin v. Smaller, 2 Sandf. Sup. Court Rep. 340.) "A wife cannot be compelled to appear and be examined as a witness in a suit against her husband. The code of procedure, allowing a party to call the adverse party as a witness, has not affected this principle, which proceeds not on the ground of interest in the suit, but on the ground of its leading to the interruption of domestic harmony and confidence." In this last case, the court remarked, "the objection does not arise from interest in the event of the suit, but from the interruption which the allowance of such a practice would produce in the domestic harmony of the parties, and in that confidence which ought to exist in the marriage relation." See *Burrell* v. *Bull*, 3 Sandf. Chan. Rep. 19. "A husband cannot be a witness in favor of his wife or of her trustee in a suit respecting her separate estate, although he has no interest in the subject matter."

In the case before us, the record shows that Elizabeth Schell, the widow of Adam Weidman, now the wife of the defendant, was offered and refused as a witness.

This was a proceeding to have an allowance made against the estate of Weidman. True, it was defended by the administrator; he manages the defence for the estate; by our statute, the administrator is himself a competent witness in suits against him as such, as to facts that came to his knowledge previously to his administering on the estate. In this case,

then, Schell might have lawfully testified as to facts which he knew, in regard to this demand, before he became the administrator, and the same may be said as to his wife, Elizabeth Schell. There is no objection, then, in regard to this witness being a distributee, or the widow of Weidman, or the wife of Schell, the administrator, which reaches to her competency.

The estate is solvent; the administrator is not liable for costs *de bonis propriis,* in this case; the wife is not a party, nor a *quasi* party, for whose immediate benefit the suit is defended; and nothing in the policy of the law against her testifying for the administrator of her deceased husband's estate.

This case overturns the opinion of *Penn* v. *Watson,* delivered in May, 1852, so far as regards the interest of a distributee in a solvent estate, rendering such distributee incompetent. Such was the undisputed rule of evidence at the common law. Our statute, overturning this rule, was of such recent date, that it is not to be wondered at, if the judicial mind, fully impressed with the well known rules of evidence at common law, should apply those rules, instead of the new. But when we come to reflect upon, and to administer the law, under our new code, more maturely, we hesitate not to retrace our errors as speedily as we are convinced of them. All new systems require time before the judicial determinations can reasonably be expected to become, in every particular, correct and stable.

The judgment below is reversed, and the cause remanded, the other judges concurring.