25 391
108 359
25 391
82a 441

Sherwood's Administrator, Respondent, v. Hill *et al.*, Appellants.

1. The widow of a testator is a competent witness, in a suit upon the bond of the executor of the will of such testator, to prove the receipt by the executor of money belonging to the estate that had not been inventoried or accounted for.

2. The bond required by law of an executor is broken if he fail to make a complete and perfect inventory of the estate of his testator; his securities will be liable for a failure on his part to inventory and account for money of the testator received h him after the death of the testator and before the granting of the lr' testamentary.

*Appeal from Buchanan Court of Common Pleas.*

*A. H. Vories*, for appellants.

I. Sidonia Sherwood was an incompetent witness.  She was incompetent, being a party for whose immediate use and benefit said suit was prosecuted, and who would be entitled to part of the money sought to be recovered.

II. The testimony of the witness David C. Montgomery was not relevant to the matter in issue, and was improperly admitted.  The issue being the amount of money received by Gaines, which was the money of Sherwood at his death, and the note of Montgomery being on hand and unpaid at the death of Sherwood, Gaines was bound to make an inventory of the note, and, from what appeared on the trial, he might have done so.  Then, if charged with the note and money, there was a double charge against him.

III. Appellants' first instruction ought to have been given.  It contained the law applicable to the case, and submitted the question of fact to the jury whether Gaines received the money charged in the petition or any part it, which was the money of said Sherwood at the time of his death, and failed to account for it.

*Loan*, for respondent.

I. Mrs. Sherwood was a competent witness.  There is no motion for a new trial properly preserved in the bill of exceptions.   (R. C. 1855, tit. Witnesses, § 1 ; 20 Mo. 17.)

RYLAND, Judge, delivered the opinion of the court.

Richard P. Gaines was appointed executor by the last will and testament of Absalom B. Sherwood, deceased.  He gave bond as such executor with the defendants, Thomas Henry and Samuel Hill his securities.  Gaines died in July or August, 1852, and the plaintiff, Lewis W. Gaines, was appointed administrator *de bonis non* of Sherwood's estate.  This suit is founded on the bond of Richard P. Gaines as executor as aforesaid, against his securities, Henry and Hill.  The

breaches assigned are, that Richard P. Gaines failed and neg-
lected to make a perfect inventory of the estate of said Sher-
wood, deceased—failed to render just accounts; that on or
about the 25th day of January, 1853, he, the said Richard P.
Gaines, as executor of said Sherwood, received of the money
belonging to said estate the sum of three hundred and eighty-
five dollars, of which he has hitherto failed and neglected to
make any inventory or otherwise account for; that he failed
to render just accounts, by not stating in the accounts which
he rendered said sum of three hundred and eighty-five dollars
received by him as part of said estate, and for which he has
wholly and entirely failed to account; that he failed to apply
said sum of three hundred and eighty-five dollars received by
him as part of said estate to the benefit thereof as required
by law. Plaintiff showed his letters as administrator and
asked for judgment on the bond.

The defendants answered, admitting the execution of the
bond, but denying all knowledge of the matters assigned for
breaches thereof by plaintiffs. They state that they were the
securities merely.

Upon the trial the plaintiff offered Sidonia Sherwood, the
widow of Absalom B. Sherwood, deceased, as a witness; the
defendants objected to her as incompetent; the court over-
ruled the objection and admitted the witness. She stated
that her husband, at the time of his death, had four or five
hundred dollars; that David Montgomery, after Sherwood's
death, paid her one hundred dollars; and that before the in-
ventory was made by Sherwood's executor she gave to him
three hundred and eighty-five dollars, and also the one hun-
dred dollars paid by Montgomery; that she kept fifty dollars
herself. The plaintiff proved by David Montgomery that in
December, 1852, after Sherwood's death, he paid to Sidonia
Sherwood, widow of said deceased, one hundred dollars, and
took up his note from her which he had given to Sherwood.
The defendants objected to this testimony, which the court
overruled, and admitted the evidence, and the defendants ex-
cepted. The plaintiffs proved that a short time before the

death of Sherwood he had four or five hundred dollars in his house, in a purse in a drawer; the witness (Hartwell Sherwood) stated that he saw the same on the day of the death of his brother, at his house; but whether the same ever was received by Richard P. Gaines he could not tell; that Gaines was at the funeral of Sherwood, and was his father-in-law. The plaintiff proved that the only money inventoried was one hundred dollars in gold and twenty-five cents in silver. This was all that was found when the executor examined the papers and effects of the deceased, as was stated by the witness Gibson, who was called on to help the executor make his inventory. The plaintiff introduced the inventory of said executor, wherein he had only inventoried as cash the sum of one hundred dollars. Witness Reynolds stated for plaintiff that he was one of the witnesses that made the inventory along with the executor; that they only inventoried money on hand amounting to one hundred dollars and twenty-five cents; that if the executor ever received any more than that, he did not know.

The defendants asked the court to instruct the jury as follows: " Unless the jury believe from the evidence that Richard P. Gaines, as executor of Absalom B. Sherwood, deceased, received the money charged in plaintiff's petition, or any part of it, which was the money of Absalom B. Sherwood, deceased, at the time of his death, and failed to account for it, they will find for the defendants." This the court refused to give, and the defendants excepted. The jury found their verdict for the plaintiff for the sum of two hundred and eighty-four dollars and seventy-five cents. Judgment was rendered thereon for plaintiff; defendants moved for a new trial, which being overruled, they bring the case here by appeal.

There is nothing in the first point made by the appellants in this court, namely, that Sidonia Sherwood was an incompetent witness. This has been settled by repeated decisions of this court under our new code. (Scroggins & Smith v. Holland, 16 Mo. 419; Stein v. Weidman's Adm'r, 20 Mo.

17.) These cases settle this point against the defendants below, appellants here.

Nor is there any thing in the admission of the testimony of Montgomery which would authorize this court to reverse. The issue was not alone failing to account for money on hand at the time of the death of Sherwood, but also for failing to render true accounts of money received, &c. But the third point involves more serious matter — that is, the refusal of the court below to give the defendants' first instruction set forth above. The defendants contend that they are liable only for what money Gaines received as executor of Sherwood and failed to inventory or account for, and that they are not liable for acts done by him or money of the estate received by him before they were bound for him as securities in his bond; that to make them liable, the money must have been received by Gaines as executor, and not for what he did before he was qualified and gave bond as such.

HARVARD LAW SCHOOL LIBRARY

The testimony does not show when Mrs. Sherwood paid or handed over to the executor the money—whether it was before he was qualified as such, and executed the bond with the defendants as his securities, or not. She stated that before the inventory was made by Sherwood's executor she gave to him three hundred and eighty-five dollars, and also the one hundred dollars paid by Montgomery. This makes the sum of four hundred and eighty-five dollars proved to have been handed over to the executor. The inventory offered in evidence only showed one hundred dollars and twenty-five cents. Here is a palpable failure to make a correct inventory, and that is one of the breaches assigned in the petition. The condition of the bond is, in part, that the executor Gaines shall make a perfect inventory of the estate of said deceased. This he has not done. He has omitted to state the amount of money he received or which came to his possession by at least three hundred and eighty-five dollars. Then it was not alone for the amount of money which the executor received and failed to account for that these defendants became liable, but they are liable for the executor's

failure and neglect to make a perfect inventory. The instruction therefore was properly refused. The bond required by law of an executor is broken if he fail to make a perfect inventory of the estate of his testator; therefore money coming to his hands after the death of the testator and before proof of the will or before letters testamentary have been granted, is a part of the estate to be inventoried, and a failure to make such inventory or to put the amount of money so received in the inventory is a breach for which he and his securities may be held responsible on his bond.

This case differs in the facts from the case of Farrar & Brown v. United States, 5 Peters, 373, and the case of The State, to use of Smith, v. Paul's Executor, 21 Mo. 51. In a case like the present the executor might, if the money came to his hands after the death of the testator, file his affidavit that he did not owe the testator any amount at the time of his death; and if he were not bound to inventory money thus received, a wide door for peculation might be opened, and his bond would afford no protection against such abuses or for such breaches of trust. Upon the whole case, there appears no error, and the judgment is, with the concurrence of Judge Scott, affirmed.