N. M. RIDGWAY ET AL., Appellants, v. J. H. KERFOOT, ADMINISTRATOR OF W. W. GORDON, DECEASED, Respondent.

Kansas City Court of Appeals, June 14, 1886.

ADMINISTRATION—CONSTRUCTION OF ARTICLE XIII, CHAPTER I, SECTIONS 282, 285, REVISED STATUTES.—Proceedings against executors, administrators and their sureties, provided for by sections 282, 285, Revised Statutes, can only be instituted *after final settlement* of the estate administered upon.

APPEAL from Grundy Circuit Court, HON. C. H. S. GOODMAN, Judge.

*Affirmed.*

E. M. HARBER and GEORGE HALL, for the appellants.

J. H. SHANKLIN and STEPHEN PEERY, for the respondent.

Statement of case by the court.

On the ninth day of August 1881, the defendant filed in the probate court of Grundy county, his final settlement as administrator of the estate of W. W. Gordon, deceased. This settlement was continued by the court for want of notice. After notice was given and proof made, and on February 18, 1882, while the final settlement was

yet pending, plaintiffs filed in said probate court their petition, suggesting that defendant had "not made just accounts of the assets in his hands," and applying for an inquiry into the same.

The petition alleges:

"That the said estate of W. W. Gordon, deceased, is indebted to them in the sum of about one thousand dollars ($1,000.00) with interest thereon, which indebtedness has been duly allowed and classed by this court as shown by the records of the court.

"That your petitioners object to the final settlement made by James H. Kerfoot, administrator of the said estate of W. W. Gordon, deceased, filed and now pending in this court, and object to the court making an order approving said final settlement, for the reason that said estate has not been finally administered upon and that the said administrator now has in his hands, belonging to said estate, property, money and effects, that he has failed and neglected to charge himself with, or to render any account of, in his said inventory made of said estate, or any of his settlements made with this court as such administrator in this," etc. The petition then proceeded to allege that defendant owed the deceased in his life time on account of moneys remaining in defendant's hands from the sale of mortgaged property, which deceased had mortgaged to defendant to indemnify him by reason of his being security for deceased on different obligations. That after payment of the debts out of the proceeds of the sale of the property, there remained in his hands of the proceeds of said property, the sum of nineteen hundred dollars which, the petition alleges, defendant was, and is, bound to pay over to the estate of W. W. Gordon, to be distributed among the creditors of the estate, under the direction of the court. The plaintiffs then pray the court to make an order requiring defendant, as administrator, to inventory and charge himself with the proceeds of the mortgaged property and to render an account of the same to the court, and that

it be applied to the indebtedness of the estate as provided by statute.

A trial was had in the probate court and judgment rendered in favor of plaintiffs for $293.92, from which judgment defendant appealed to the circuit court of Grundy county.

The cause coming on for trial in the circuit court, the following proceedings were had:

"The plaintiffs, to sustain the issues on their part, offered evidence and introduced witnesses tending to prove all the allegations contained in the petition or objections filed in this cause to the final settlement of said defendant. To the introduction of all of said evidence defendant Kerfoot objected upon the following grounds:

"That the facts stated in the petition or complaint of plaintiffs or complainants do not constitute a cause of action as against Kerfoot; that the testimony offered is incompetent, irrelevant and immaterial; that the probate court had no jurisdiction upon the complaint, to investigate the matters therein charged, or to adjudge or adjudicate upon the matters arising out of the trust relating between Kerfoot and Gordon, as alleged and set up in the complaint, and that the probate court had no jurisdiction upon the complaint, or petition, to adjust, adjudicate and settle the matters arising out of the mortgage set up in the complaint, as between said Kerfoot and administrator of the estate of Gordon, and himself as such trustee, which objections were considered by the court and sustained, to which action of the court in sustaining said objections, plaintiffs Ridgways, by their attorneys, then and there excepted at the time."

Upon the pleadings and proceedings in said cause as above stated, the court found for defendant Kerfoot, and plaintiffs appeal.

ELLISON, J.—This proceeding is based on sections 282, 285, Revised Statutes, and the question is, can it be maintained under the facts as stated? It is enacted by

section 98, Revised Statutes, that "all debts due by an administrator to his testator or intestate shall be considered as assets in his hands." At common law, making the debtor executor, forgave or released the debt. This has been changed in this state by section 99, Revised Statutes. In case of administration, the debt was not released, but only suspended during the office of the debtor administrator. This, for the reason that a release must be the voluntary act of the creditor, whereas the administrator, unlike an executor holds by act of the law. *Compton v. McMahan*, 19 Mo. App. 494, 504. These sections of the statute are, however, not applicable to this case, for, at common law, the executor or administrator was always held, at the suit of the *creditor*, to account for his debt.

The object of sections 282, 285, Revised Statutes, was to prevent or provide a remedy for a *devastavit*. And when the term "waste," is used in sections 284, 285, it is unquestionably not used in its technical sense and as it is defined in the books; for waste, technically, has reference to spoil or destruction, done or permitted to lands, houses, or other corporeal hereditaments, etc.

The question, then, in this case is, was the administrator guilty of a *devastavit*, in not including in his inventory, or otherwise accounting for the balance of nineteen hundred dollars, which, according to the petition, remains in his hands after discharging all the obligations for which he was bound as his intestate's surety. A *devastavit* is defined to be, "a mismanagement of the estate and effects of the deceased, in squandering and misapplying the assets, contrary to the duty imposed on them, for which executors or administrators shall answer out of their own pockets, as far as they had, or might have had, assets of the deceased." Williams Ex'rs, 1796 (bottom page). The same author quoting from Lord Holt says that, "if H. be bound to J. S. in a bond of one hundred pounds, and then J. S.

makes H. his executor, H. has actually received so much money and is answerable for it; and if he does not administer so much of it, it is a *devastavit.*"

A debt due from the administrator is considered assets, *de facto*, to be accounted for in probate account. "Such presumption would arise from the mere taking of administration." *Ipswich v. Story*, Ex. 5 Met. 313. Having voluntarily assumed the trust (of administration) which prevents any other from receiving, and being unable to sue himself, he shall be considered as having paid the debt, and holding the amount in his hands as administrator. *Ib. ; Winship v. Bass et al.*, 62 Mo. 203. I am not unmindful of the fact that it had been decided in this state in the case of *McCarthy adm'r v. Frazer et al.* (62 Mo. 263), that the debt of the executor is not to be treated as so much money on hands, and that such debt is to be placed on the same footing as other debts due the estate. But that case in no way militates against the position we take in this. The effect of that decision is, that the mere fact of the administrator owing the debt to the estate does not make the debt actual money, but it remains a debt like any other, good or bad, as the case may be. And, being like any other debt, it must be inventoried and accounted for as other debts. Not to account for it in administration is a *devastavit*, and renders the administrator liable to the proceedings provided for in the sections of the statute above noticed. Our attention has been called to the case of *McManus v. McDowell* (11 Mo. App. 436), where it is said that unless the administrator admits the debt, it must be established by a regular suit in the circuit court. While this is said in that case, yet the point decided there was, simply, that the probate court has no jurisdiction to try an action against the *former* executor for a debt due by him to the testator before the latter's death. The statute bearing on the subject is quoted at length by Thompson, J., and the conclusion is, that it did not confer jurisdiction in such case.

Section 98, Revised Statutes, which, so far as concerns creditors, as we have seen, is but an enactment of the common law, says, "*all* debts due by an administrator to his testator or intestate shall be considered as assets in his hands."

The statute does not limit it to confessed debts nor judgment debts, or such as shall be established in the circuit court by a suit against the administrator. It is difficult to see how the matter could get into the circuit court as an ordinary action, for, as the administrator himself is the only one authorized to institute the action, he could not bring it against himself, and if he could, being a debt denied by him, he would not. The distinguished judge writing that opinion, did not rely wholly on the ground, above stated, for his conclusion in that case. He found other ample reason supporting the judgment of the court, as is set out in the latter portion of the report of the case. That this proceeding is justified by the statute is apparent from its reading. Section 98, says the debt owing by him "shall be considered as assets in his hands." Section 282, says that if he "has not made just accounts of the assets in his hands," proceedings may be had against him. Failing to inventory or report any portion of the assets of the estate in his hands is certainly not making a just account thereof. That this species of assets does not necessarily consist of debts confessed, is apparent from section 284, providing for issues to be made up and tried as demands against an estate are tried, which would include a jury trial, if demanded, and permit an appeal. The New York statute is of similar import to ours. And it was held in the case of *Evarts v. Evarts* (62 Barbour, 577, 583), that "the reason why the debt was held, before the passage of the act, to be released by appointing the debtor, or one of several joint debtors, executors, was, that there was no person to bring the suit upon it, and such result being brought about by the voluntary act of the testator, the debt was held to be released. * * * The executor is

*prima facie* chargeable, but it is competent for him to show the claim unfounded and unjust. The validity or justice of the claim must, when denied, be in some way determined, and as the executor cannot sue himself, and as the question must be settled before the estate can be finally settled, it must be tried in the surrogate's court, in the same way, and for the same reason, that claims against the estate in favor of the executor must be tried in that court."

I think that the probate court had jurisdiction to try this cause as presented. It is so empowered by the constitution. Const. Mo., art. 6, sect. 34. Its jurisdiction pertains to all matters connected with the administration of the estate. *French v. Stratton*, 79 Mo. 560; *Ensworth v. Curd*, 68 Mo. 282.

The foregoing are my views regarding this case; but, on consideration, the other members of the court are of the opinion that, even conceding that the statute is applicable to this case, this proceeding cannot be invoked under sections 282, 285, until after the final settlement.

The result, therefore, is, that the judgment is affirmed.