IN THE MATTER OF THE ESTATE OF RACHEL STUART, Deceased; CHARLES CARDWELL, Appellant, v. WILLIAM STUART, Administrator, Respondent.

### St. Louis Court of Appeals, May 26, 1896.

**Administration:** PROCEEDING AGAINST EXECUTOR TO DISCOVER ASSETS. When a proceeding to discover assets is had against an executor under section 78 of the Revised Statutes, and the finding of the court is in his favor after his examination under oath, he is entitled to an immediate dismissal of the proceeding without further examination of himself or other witnesses.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED, BOND, J., *dissenting.*

*George Robertson* for appellant.

*W. W. Fry* for respondent.

BIGGS, J.—This is a proceeding under the statute to discover assets. Rachel Stuart died intestate in Audrain county. William Stuart, her husband, administered on her estate. Charles Cardwell, a son of the deceased by a former marriage, filed an affidavit in the probate court of the county, charging the administrator with a failure to inventory a note of $1,500 and other personal property not described, all of which he claimed belonged to the etsate, and that the administrator had the property in his possession and had refused to place it on the inventory. The administrator was

examined under oath in the probate court, and that
court ordered him to inventory the additional sum of
$960 in money. From that order he appealed. In the
circuit court the administrator was again examined
under oath, and at the conclusion of the examination
the court found that there had been no concealment or
embezzlement of assets, and it ordered the proceeding
to be dismissed. Before the final order of dismissal
was entered, Cardwell asked that interrogatories be
filed; that the administrator be required to answer
them, and that upon the issues thus made witnesses
should be examined. This the court refused to do,
and it is of this that Cardwell complains on this
appeal.

. The determination of the question presented by
the record depends upon the construction which should
be given to section 78 of the Revised Statutes of 1889.
A proper understanding of the section requires, first,
a reference to the four preceding sections. Those sec-
tions are as follows:

"Section 74. If the executor or administrator, or
other person interested in any estate, file an affidavit
in the proper court, stating that the affiant has good
cause to believe and does believe that any person has
concealed or embezzled, or is otherwise wrongfully
withholding any goods, chattels, money, books, papers,
or evidences of debt of the deceased, and has them in
his possession or under his control, the court may cite
such person to appear before it and compel such ap-
pearance by attachment.

"Section 75. If the party so cited does not admit
the allegations in the affidavit, he shall be examined
under oath, *after which, at the instance of the adminis-
trator or executor, other witnesses may be examined both
for and against such party; but before such other wit-
nesses shall be examined, interrogatories shall be filed in*

*writing, to be answered also in writing by the parties
cited.*

"Section 76. If such person refuse to answer proper
interrogatories, the court may commit him to jail until
he answer or be discharged in due course of law.

"Section 77. The issue upon the interrogatories
and answers thereto shall be tried by a jury, or, if
neither of the parties require a jury, by the court, in a
summary manner, and judgment shall be rendered
according to the finding and for costs, and, if convicted,
the court shall compel the delivery of the property
detained by attachment of his person for contempt,
and the court shall commit him to jail until he comply
with the order of the court.

"Section 78. *Like proceedings may be instituted on
the affidavit of any person interested against executors,
administrators, or surviving parties,* and on conviction
the court shall compel such executor, administrator, or
surviving partner to inventory the property and cause
the same to be appraised as the property of the
estate."

Section 78, *supra,* referring back to the four
preceding sections says that "like proceedings" shall
be had against an executor or administrator. The
phrase quoted can not be accepted literally, but must
be understood or construed in a qualified sense, that is,
such like proceedings as may be possible against the
personal representative of the estate. Where a third
party is charged with the embezzlement, there are, so
to speak, two stages of the proceedings. It is *ex parte*
up to the point which requires the filing of interroga-
tories, and is conducted by the probate judge. In this
preliminary investigation the accused may be examined
under oath. If, upon such an examination, the court
is satisfied of the truthfulness of the charge, the re-
quisite orders may be entered to compel the surrender

of the property; but if the court is not so satisfied, then it is for the administrator or executor to say whether or not it is to the interest of the estate to proceed further with the investigation.    Under the law of 1865 (Gen. Stat., p. 490, sec. 7) the probate judge had authority not only to examine the party under oath, but on his own motion to examine other witnesses.    In the revision of 1879, section 7, *supra*, was so amended as to take away from the court the right to proceed with the investigation beyond the examination of the accused (R. S. 1879, sec. 74; Id. R. S. 1889, sec. 74), and it was provided by an entirely new section that a further investigation must be at the instance of the administrator or executor.    R. S. 1879 and 1889, sec. 75.    The object of the amendment was to take away from probate courts the power to involve an estate in litigation, and to vest it in the personal representative, where such power of right belongs.    Now, it is very plain that an administrator or executor may be examined fully under oath touching any property in his possession which is charged to belong to the estate, or in reference to any indebtedness due from him to the deceased, which he has failed to inventory, and, if the probate court is satisfied that the charge is true, an order may be made compelling him to place the property on the inventory.    But, on the other hand, if the court is convinced that the charge is false, it is clear that the proceeding can go no further.    The power to go beyond this in any case was taken away from the probate court by the amendment to the statute.

It may be stated, as a general proposition, that it is not the province of probate courts to adjudicate upon collateral questions.    "The right or title of the decedent to property claimed by the executor or administrator   *   *   *   must, if an adjudication become necessary, be tried in courts of general jurisdiction, unless

such jurisdiction be expressly conferred on probate courts.'' Woerner's American Law of Administration, section 151. Where such jurisdiction has been conferred upon probate courts by statute, the jurisdiction has never been carried by intendment beyond the plain language of the mandate of the statute, because, as has been repeatedly decided, the policy is very questionable of turning into probate courts a great stream of litigation touching contested rights to personal chattels which these courts from their constitution are so little calculated to sustain. *Moss v. Sandefur*, 15 Ark. 381, 386. *Ex parte Casey*, 71 Cal. 269. It must also be borne in mind that our common law courts furnish ample remedies for proceedings against executors or administrators in such cases without resort to a bill for the discovery of assets, and that in such proceedings the matter can be fully inquired into and ample remedy had by any party aggrieved by the action of the executor or administrator.

When, therefore, the legislature in one section provided that this proceeding without a request of the administrator shall not be carried further than the examination on oath of the party sought to be charged with the retention of assets, and in another section provided that like proceedings may be had against the administrator, it necessarily limited the proceedings against the executor or administrator to his own examination under oath, unless a further trial is had by his consent; for if *like* means the same or identical proceedings, such consent is essential to give the court jurisdiction of further proceedings; and if it does not mean identical, but as near as may be, then the proceedings necessarily terminate with the judgment of the court after the examination of the executor is concluded. This view is strengthened by the additional

McCollum v. Insurance Co.

consideration that the statute makes no provision for a temporary administrator, although the proceeding is supposed to be prosecuted in the interest of the estate; and, hence, when the administrator is proceeded against at the instance of some party interested, the estate would be wholly unrepresented by anyone. These considerations, and the further consideration that a contrary holding would open the door for collusion in cases where the estate is wholly unrepresented, incline us to hold that the judgment of the court dismissing the proceeding was proper.

The judgment of the circuit court will, therefore, be affirmed. Judge ROMBAUER concurs; Judge BOND dissents.