JOHN H. WILSON, Adm'r, Appellant, v. HARRY E. RUTHRAUFF, Respondent.

### Kansas City Court of Appeals, January 8, 1900.

1. **Administration: EMBEZZLING ASSETS: DEBT OF ADMINISTRATOR.** While under the statute relating to the embezzlement of assets an administrator may be compelled to inventory an account for property wrongfully withheld by him, yet he can not by a proceeding under such statute be compelled to litigate the question whether he had discharged a debt to his intestate or he himself is the owner of certain specific property which he in good faith claims as his own.

2. ———: **FINAL SETTLEMENT: OBJECTION: CREDITOR.** Section 275, Revised Statutes 1889, does not authorize a distributee to object to a final settlement because the administrator has failed to inventory an account for a debt alleged to be due the estate from himself. Said section relates only to creditors.

3. ———: ———: **ADMINISTRATOR'S DEBT: JURISDICTION.** A distributee can not by objecting to a final settlement raise and litigate the question whether the administrator is indebted to the estate since the latter is entitled to a jury trial on that issue, and the probate court has no jurisdiction to try such rights of property.

4. ———: INVENTORY: ADMINISTRATOR'S DEBT: REMEDY. An administrator can not escape his liability for failing to inventory his debt to the estate because he honestly believes there is no such debt, but will be liable on his bond or in other appropriate action.

5. ———: FINAL SETTLEMENT: ADMINISTRATOR'S DEBT: JUDGMENT. An administrator's debt to the estate is merely an asset like any other debt and a judgment on final settlement compelling the administrator to pay such debt so as to make his sureties liable, is erroneous.

Appeal from the Johnson Circuit Court.—*Hon. W. W. Wood*, Judge.

REVERSED.

*S. T. White* and *J. W. Suddath* for appellant.

(1)    If Wilson owes for five month's rent he owes it to objector, whose tenant he became upon the death of H. J. Ruthrauff.   She, as his landlord, as owner of the rent, has right of action against him for it, as her tenant, and the estate of Ruthrauff does not own it and could not sue for it. In re Est. of Stuart, 67 Mo. App. 61; Shouse v. Krusor, 24 Mo. App. 279, and cases cited.   The law determines the jurisdiction, not the parties.   Stone v. Corbett, 20 Mo. 350; Tourville v. Railway, 61 Mo. App. 527; Abernathy v. Moore, 83 Mo. 65; McManus v. McDowell, 11 Mo. App. 436; Woerner's Law of Adm., secs. 151 and 317.    (2)    If the appellant could be charged with the rent in question, as administrator, it would not be treated as so much money on hand, but as an account to be collected against any other person, and if he disputed his liability he would be entitled to test his liability by common law trial by jury, the same as any other person would.   Ridgway v. Kerfoot, 22 Mo. App. 661; McCarty, Adm'r, v. Frazer, 62 Mo. 263; Young v. Thrasher, 48 Mo. App. 331; McManus v. McDowell, 11 Mo. App. 436, 444.    (3)    If the appellant could be chargeable with the rent in question, as administrator, he could

only be so chargeable in a proceeding to discover assets, or a proceeding to establish *devastavit*. R. S. 1889, secs. 78, 74 and 75; R. S. 1889, secs. 275, 276, 277 and 278; Ridgway v. Kerfoot, 22 Mo. App. 661, 665.   (4) ˙ In either a proceeding to discover assets or to establish a *devastavit*, appellant would be entitled to a common law trial by a jury. R. S. 1889, secs. 74, 75, 76, 77 and 78; R. S. 1889, secs. 275, 276, 277 and 278; Ridgway v. Kerfoot, 22 Mo. App. 661, 665.   Whereas, the final settlement was tried, and required to be tried, by a chancellor without intervention by jury. In re Estate of Schooler v. Stark, 73 Mo. App. 301; In re Estate of Meeker, 45 Mo. App. 194; Finley v. Schlueter, 54 Mo. App. 455.   (5)   Where a proceeding to discover assets is had against an executor, he must be examined under oath, and no other witnesses can be called except on his motion, and if the finding is for him on his testimony, he must be discharged.   In re Estate of Stuart, 67 Mo. App. 61.   (6)   In a proceeding to discover assets the appellant, administrator, would be a competent witness.   Stewart v. Glenn, Adm'r, 58 Mo. 481, 487, 488; In re Estate of Stuart, 67 Mo. App. 61.

*S. J. Caudle, Nick M. Bradley* and *Chas. E. Morrow* for respondent.

(1)   This is not a proceeding to discover assets in the hands of the administrator, under the statute, nor is it a proceeding to compel him to inventory property belonging to the estate, or establish *devastavit*, under the statute, nor did he owe the deceased the debt at his death.   He is simply made to account in his settlements for rent of property belonging to his intestate at the time of his death over which he assumed control as administrator and under color of his office as such—a liability which accrued against him after his appointment, and during his administration and which

arose out of the administration of his trust. The probate court has jurisdiction. Constitution of Missouri, sec. 34, art 6; R. S. 1889, sec. 3397; Ridgway v. Kerfoot, 22 Mo. App. 661, 667; French v. Stratton, 79 Mo. 560; Ensworth v. Curd, 68 Mo. 282; Johnson v. Johnson, 72 Mo. App. 386. (2) Although an administrator takes possession of real estate without an order of probate court, he is liable to account for the rent. Lewis v. Carson, 93 Mo. 587; Gamble v. Gibson, 59 Mo. 592; Dix v. Morris, 66 Mo. 514; State to use v. Scholl, 47 Mo. 84. The trial court found that Wilson had possession of the property as administrator and under color of his office as such. (3) Wilson was not a competent witness as to any matter or transaction had with Ruthrauff in his life-time which was in issue and on trial. R. S. 1889, sec. 8918. (4) The appellant was not entitled to trial by jury. In re Estate of Schooler v. Stark, 73 Mo. App. 301; In re Estate of Meeker, 45 Mo. App. 194; Finley v. Schlueter, 54 Mo. App. 455. (5) The listing of the real estate to the assessor as administrator; insuring the same in his name as the administrator, and repairing the property as administrator, and taking credit therefor in his settlement, all of which was done during the time he now contends he was not occupying the same as administrator, is the strongest evidence. His conduct can not be reconciled with any other theory. The law did not require him to do any of the acts above mentioned. (6) This is not a personal matter between Mrs. Ruthrauff and Wilson. He accounted for a portion of the rents of this property in his settlements and the fact is, as shown by the evidence in this case, he was in possession of this property under color of his office as administrator. In the face of these facts a personal action would have failed; he would have pleaded the final settlement as *res adjudicata.*

ELLISON, J.—Plaintiff is the administrator of the estate of H. J. Ruthrauff, deceased, and defendant is the

sole distributee of such estate; and being thus interested made objection to plaintiff's final settlement in the probate court. There were several objections, but as the circuit court on appeal decided all but one against the objector, we will confine ourselves to that one, since the objector did not appeal and the administrator did.

The objection is, that the administrator had rented of deceased, in his life-time, a store building, and that he had failed to account for five months' rent accruing after the deceased's death and amounting to $175. The trial court found for the objector and rendered judgment charging the administrator with said $175, and that he, as such administrator, account for the same to the objecting distributee. And that he, as administrator, pay said sum to the distributee with interest. And that upon the payment of such sum, and the presentation of her receipt for the same to the probate court the administrator would be discharged on the settlement.

1. The first question presented is as to the remedy invoked by the objector. Where an administrator "has concealed, or embezzled, or is otherwise wrongfully withholding any goods, chattels, money, books, papers or evidences of debt of the deceased," he may, under the summary proceeding authorized by sections 74-78, Revised Statutes 1889, be compelled to inventory such property. It will be observed that the statute—section 77—provides that the person so offending may be compelled to deliver the property. But applying the law to the administrator himself, as authorized by section 78 (In re Est. of Stuart, 67 Mo. App. 61), we consider that its proper meaning is, that he shall be compelled to inventory and account for the property he has so wrongfully concealed, embezzled or withheld.

But this statute is not designed for the final adjudication of the title to property. And if it appear that the claim thereto is in good faith, and not a mere sham or afterthought,

the parties should be left to other more appropriate and formal remedies for a settlement of the dispute.    Johnson v. Johnson (decided this term); see also, Hook v. Dyer, 47 Mo. 214, 219.    So, therefore, where an administrator fails to inventory a debt due from him to the estate, not from any wrongful motive, but in the *bona fide* belief that no such debt exists:    As that if he had owed the intestate, he had discharged the debt to him in his life-time.    Or, if specific property be the subject of the objection to his conduct, that he himself was the owner and not the estate, and other like instances, it was not contemplated by this statute that such question should be determined in such summary manner.

2.    Nor does section 275, Revised Statutes 1889, apply to a case of objection to the administrator's conduct when made by a distributee, as in the case at bar.    That section authorizes creditors to object to the final settlement of an administrator, if he has not made just account of the assets in his hands.    A debt owing by him to the estate is as asset: Ridgway v. Kerfoot, 22 Mo. App. 661; but his misconduct under this section can only be corrected at the instance of a creditor.

3.    These statutes have been suggested by the administrator, but the objector claims that she is not proceeding by either of the modes, and that she need not do so in order to sustain her point of objection.    She claims the right to adjudicate the title to property claimed to be an asset, and the question of an administrator's indebtedness to the intestate, at the final settlement.    We are of the opinion that her claim is not supported by the law.    This becomes apparent by reference to the nature of the controversy.    The administrator failed to inventory against himself the account for rent, for two reasons:    First, that the account did not exist, since he paid the rent to the deceased in his life-time, in advance; that the payment was the result of a settlement between them.    Second, that conceding he owed rent for the

time charged (which was after the death of the intestate) he owed it to the heir as such and that the estate was not concerned with it.    His first contention is of the utmost importance to him.    He is entitled to a jury trial in the ordinary mode as to whether he is indebted to the estate.    Such controversy might involve large sums and work ruin to a protesting administrator.    Are his rights to be determined in a summary manner by the probate court, on a final settlement where he would not have a jury trial?    The probate court, on a final settlement, is not the place to adjudicate such rights of property claimed in good faith, in the absence of a statute to that effect:    If the statute so directed, it may be that the administrator, by accepting the trust under such statute, would be held to have voluntarily surrendered his right to a jury trial; *volenti non fit injuria*. Wood v. Tallman, 1 N. J. L. 153; Everts v. Everts, 62 Barb. 577.    But our statute does not so direct, either expressly or impliedly. The nearest statute to this subject is that contained in sections 74-78, and these, besides not being invoked here, do not, as we have already shown, authorize an adjudication of the title to property, as was attempted in this case.

4.    The objector is by no means without remedy.    An administrator can not escape a debt to the estate merely for the reason that he may honestly believe there is no such debt. It is his duty, under the statute, to inventory it, and if he fails to do so, however conscientious he may be, he and his sureties will be liable on his bond.    Sherwood v. Hill, 25 Mo. 391; Brotherton v. Spence, 52 Mo. App. 664, 668. In such an action, all the proper legal machinery would be at hand to test the rights of the parties and finally determine their claims.    It is proper enough for one believing an administrator has omitted to inventory a debt against himself to demand that he do so, but it does not follow that relief for a failure to comply is to be immediately found in a contest on the settlement.

In re Kohl.

We do not mean to say that the only remedy·is by an action on the bond.    There may be other ways of attacking the settlement in the proper court.    But that is not necessary to discuss.

5.    Even if we had found the objector had invoked the proper remedy, we would nevertheless have had to reverse and remand the cause on account of an improper judgment.    It will be observed that the effect of the judgment is not only to charge the administrator with the debt to the estate as though inventoried, but it compels him as administrator to pay it.    His administration sureties are made liable.    This was    error.    The    debt , owing    by·    an    administrator    to    the estate is an asset  in his hands.    But it is not necessarily a collectable asset.    It is not to be treated as cash. The debtor administrator may be insolvent.    It is only such an asset  as it would be if owing by any one else, and is to be administered as such.    Ridgway v. Kerfoot, 22 Mo. App. 661; Young v. Thrasher, 48 Mo. App. 327.

The result of these views lead to a reversal of the judgment, and it is so ordered.    All concur.