LEMP BREWING COMPANY, Respondent, v.
PAULINE STECKMAN, Appellant.

Kansas City Court of Appeals, May 4, 1914.

1. **EQUITY: Probate Courts: Discovery of Assets: Circuit Court: Jurisdiction.** A few days prior to a man's death he sold his saloon for $4800 and endorsed the check received in payment, to his wife, telling her "to pay some debts," and a debt to her brother and the balance she was to have in payment for services rendered to him. On his death, she, as executrix of the will, filed a settlement of the estate taking credit with general debts paid by her and claimed in her answer that she was entitled to $400 out of the money thus received, as her statutory dower. A creditor of the deceased had his claim allowed in the probate court and begun proceedings in that court to discover assets claimed to be concealed, or withheld by the widow. The creditor dismissed that proceeding and begun this action in equity in the circuit court to discover assets and charge them with the payment of his claim. It was held that the latter court had no jurisdiction.

2. ——: ——: ——: ——. The circuit court will not take jurisdiction in cases where relief may be had in the probate court; except in those instances involving cases of equitable cognizance.

3. ——: Jurisdiction: Withholding Assets: Equity. The probate court has exclusive jurisdiction in all cases involving the question of concealment or wrongful withholding of assets of an estate, except in instances of purely equitable cognizance.

Appeal from Cooper Circuit Court.—*Hon. J. G. Slate.*
Judge.

REVERSED.

*John Cosgrove* and *Daniel W. Cosgrove* for appellant.

*W. G. & G. T. Pendleton* for respondent.

ELLISON, P. J.—This action is in the nature of a creditor's bill in equity to declare defendant a trustee

of money received from her deceased husband as a gift, and to charge such money in her hands with the payment of plaintiff's claim which arose against the husband in his life time, before the date of the gift. The judgment in the trial court was for the plaintiff.

Deceased was a saloon keeper and bought beer of plaintiff, the price of which was this claim of $701.64 Deceased sold his saloon for $4800 after incurring that indebtedness to plaintiff which with $200 additional he gave to defendant his wife. This was all of his personal property. The only interest he had in real estate was a tract of ground, the title to which was in him and his wife, by the entirety. At his death the whole title vested in her. Deceased left a will wherein defendant was appointed executrix.

The petition alleges that there was no property subject to administration and that plaintiff's claim was presented to and allowed by the probate court. It is then charged that deceased made a voluntary gift of the money aforesaid to defendant for the fraudulent purpose of defeating claims of plaintiff and other creditors. That defendant and her brother, acting as her agent, conspired to conceal and remove the aforesaid sum of money from the reach of creditors by investing $4000 of it in a mortgage loan on real estate, which they hold under a joint claim of ownership in the proportion of $2240 to her brother and $1760 to her, the fraudulent pretence being that deceased was indebted to her brother in the former sum. It was further alleged that defendant and her brother have disposed of the remaining $1000 in such way that plaintiff cannot locate it by any court process.

Defendant admitted by her answer that she was deceased widow and that Deel was her brother, that deceased sold his saloon for $4800 and endorsed the check taken in payment, to her. She admitted that the real estate mentioned in the petition was hers as survivor

180 App. 21

of her husband, and that she was appointed executrix and that plaintiff's claim was allowed in the probate court.

Defendant then set up in the answer that the saloon was once owned by her husband and one Culverhouse as partners and that they paid her for cooking lunches, washing dishes and linen used in the saloon business. That Culverhouse died and deceased promised her $20 per month to continue such work; and that he had not paid her for the last five and one half years preceding his death. That when deceased delivered her the check for $4800 he directed her "to pay some home debts" and to pay her brother Deel the amount he owed him, which she alleges was $2240, and the balance was to pay her for her services.

Defendant then alleged that she has paid on deceased debts out of the proceeds of the check $795.50; and she showed by her settlement made with the probate court that she had in fact paid these debts. They consisted of a variety of claims, twenty-five in number, and while some were for funeral services, probate fees, etc., many of the others were debts against deceased in his lifetime. She also alleged in her answer that she was entitled to be allowed the sum of $400 as part of her statutory dower.

It appears that plaintiff prior to the institution of the present action had begun proceeding in the probate court charging defendant as executrix with concealing assets of the estate and submitting interrogatories under the provisions of sections 70-74, Revised Statutes 1909. But on concluding that a gift (void as to creditors) had been made by the deceased, such proceeding was dismissed by plaintiff and the present action instituted.

Defendant raises a question of jurisdiction of the circuit court, claiming that the probate court had exclusive jurisdiction with a right of appeal to the circuit court. This view of defendant is based on the position

that this is a charge of concealing or withholding assets of the estate, the recovery of which is provided for by the statute we have cited. And that plaintiff's claim involves and makes necessary a trial of the title to the property and that such trial must be had, in the first instance, in the probate court. The statute in this respect, has been the subject of much discussion by the Supreme and Appellate courts of the State. In Eans v. Eans, 79 Mo. 53, it was held that the probate court had jurisdiction under the statute (quoting from the syllabus) "not only in cases where the assets were concealed or embezzled, but also where they were openly held under a claim of title." In the same case, on second appeal (Gordon v. Eans, 97 Mo. 587) that view was overruled or modified and an announcement made that, the probate court had no right to try the title to the property, where the claim of title as against the estate was in good faith, and we followed this in Johnson v. Johnson, 82 Mo. App. 350 and Wilson v. Ruthrauf, 82 Mo. App. 435; and such had been the view of the St. Louis Court of Appeals. [Cardwell v. Stuart, 67 Mo. App. 61; Hoehn v. Struttman, 71 Mo. App. 399.]

But in Tygard v. Falor, 163 Mo. 234, the court returned to the rule announced in the Eans case on the first appeal, and practically annulled the decision made on the second appeal. For the court sustained a trial in the probate court of the title to, property charged to be concealed or otherwise wrongfully withheld by the executor of an estate. In re Estate of Huffman, 132 Mo. App. 44, the St. Louis Court of Appeals, in an opinion by Judge GOODE, examined the question at length and very properly accepted the Tygard case as overturning the decision in the Eans case on the second appeal and the decisions of the Courts of Appeal founded thereon. Then came Clinton v. Clinton, 223 Mo. 371, fully approving the Tygard and Huffman cases.

Plaintiff's reason for insisting on jurisdiction in the Circuit Court is that "the Supreme Court (Tygard v. Falor, 163 Mo. l. c. 241, 245) has approved an instruction which declared that the executor cannot be compelled to inventory money or property *given to him* by the deceased." It insists that the Tygard and Huffman cases "clearly hold that if the deceased in his lifetime *transferred his title* to the one claiming the property, the probate court was without jurisdiction to avoid the transfer." And that, "the court in the Huffman case in alluding to the decision in the Falor case, says 'the substantial issue to be tried was the question whether or not Falor *had given the money in dispute to his son.*'" "In other words," says plaintiff, "if the deceased *does not own the property at the date of his death,* it is not considered an asset of his estate subject to the control of the probate court, although he has transferred it by voluntary gift, or with intent to defraud his creditors, and it can only be reached by creditors in such case through the aid of a court of equity." (Italics in these quotations are plaintiff's).

We do not see how these suggestions are of any force. The question is, which court has jurisdiction to try the dispute as to who owned the property at the date of a decedent's death? In the Eans case (79 Mo. 53) the question was whether the widow or her deceased husband owned the property in his lifetime. In the Tygard case the question was whether the deceased father or his son owned the money, that is, whether the deceased father in his lifetime had given it to his son. The Tygard case, as well as the Huffman case, were pointedly approved by the Supreme Court in the Clinton case to which we referred above. Those cases are not distinguishable from this. Here the widow is now claiming the property as hers individually. She says her husband gave it to her to pay some of his home debts and for her services, and that it was not his at his death; so, therefore, under plain-

tiff's theory of the case, one of the "substantial issues to be tried," as in the Tygard case, is whether the husband had made a valid gift of the money in dispute to his wife.

But the further difficulty suggests itself. It is, that though the probate court has jurisdiction under the ruling in the Eans case on the first appeal and the subsequent cases to which we have referred, is its jurisdiction exclusive? May it not be shared with the Circuit Court in proper cases. Those questions involve another; is the remedy under the statute exclusive? If it is, of course, the original jurisdiction of the probate court is exclusive.

It has been decided in Titterington v. Hooker, 58 Mo. 593; Priest v. Spier, 96 Mo. 111 and Matson v. Pearson, 121 Mo. App. 120, that save in those rare instances where the probate court cannot afford relief, other courts, especially courts of equity, have no jurisdiction. The same question has been recently considered by the Supreme Court and those cases fully approved. [Scott v. Royston, 223 Mo. 568. See, also, Stanton v. Johnson, Est., 177 Mo. App. 54.]

Logically, if the probate court has jurisdiction to try the title to the property claimed to belong to the estate by one party, and on the other hand, claimed to belong to another by gift or purchase from the deceased or otherwise, as decided by the cases above cited on that head, it follows that under the cases last cited, the Circuit Court had no jurisdiction in this case; unless upon the following consideration.

It has been the understanding, and it has also been several times expressly decided, that probate courts have no jurisdiction "of purely equitable cognizance." [Butler v. Lawson, 72 Mo. 227, 245; Est. of Glover & Shepley, 127 Mo. 153, 163; McKee v. Allen, 204 Mo. l. c. 675.] So, therefore, whenever a controversy arises between the interests of the estate and another (whether the administrator or a third person) over the question

whether certain property charged to be wrongfully withheld is the property of the party withholding it, or, is the property of the estate; if the claim made is of purely equitable cognizance, the summary statutory remedy in the probate court would not be available, since that court could not try such questions; for frequently they involve the most difficult, intricate and abstruse questions and require all the powers and machinery of a court of equity to adjust and settle upon an equitable basis. We have a number of cases in this State wherein equitable relief was granted and wherein the jurisdiction of the Circuit Court passed unchallenged. [Leeper v. Taylor, 111 Mo. 312; Tufts v. Latshaw, 172 Mo. 359; Wernse v. McPike, 100 Mo. 476.] That this is a correct view we think is seen from the discussion had by the Supreme Court in McKee v. Allen, 204 Mo. 655, 674-678, which case originated by bill in equity in the circuit court and which court was held to be without jurisdiction on the ground of "a complete and adequate remedy at law," to be had in the probate court by the presentation of an ordinary claim against the estate represented by the defendant administrator. This case is not cited as being like the one at bar, or at all like it in facts; but it throws light upon the question before us.

Applying the statement of facts and pleading made at the outset, to the law as we consider it to have been announced by the Supreme Court, we think the circuit court was without jurisdiction except on appeal from the probate court.

If defendant's claim is that the property was hers by gift, it may, or may not, have been such character of gift as would be fraudulent and void as to creditors, in *law* as well as in equity and could be tried as an ordinary action at law; and such is the accepted mode of trying such cases, notably in actions by attachment, replevin and other instances. If her claim is that it was hers in payment of services; or that it was hers partly

for payment of services and partly to pay some home debts of her deceased husband, there would be no reason why the validity of the matter, in whole or in part, might not be tried in the probate court. So, in any view, it is not such character of case as deprived the probate court of jurisdiction.

We think the judgment should be reversed. All concur.