Priest, *Administrator, Appellant,* v. Spier *et al.*

Administration : SUBJECTING LAND TO DEBTS OF ESTATE. The administration law furnishes ample remedy for any deficiency of personal assets to pay the debts of the estate where there is real estate in the hands of the heirs or devisees, and within the jurisdiction of the probate court, and resort must be had to its provisions when it is sought to subject such real estate to the debts of the deceased.

*Appeal from St. Louis City Circuit Court.* —HON. A. M. THAYER, Judge.

AFFIRMED.

*W. H. Clopton* and *Krum & Jonas* for appellants.

(1)   Section 253, Revised Statutes, does not apply. Provision for refunding is there made only in cases where legacies or distributions have been paid.   (2) The petition shows that all of the defendants are non-residents.   The ten days notice, provided for in section 254, Revised Statutes, even if the probate court has jurisdiction, could not be given.   Such a notice sent to another state is good for nothing.   *Howell v. Manglesdorf*, 6 Am. & Eng. Corp. Cases, 413.   (3)   Where assets are found deficient, an administrator may, by bill in equity, compel legatees or distributees to refund.   Schouler on Ex'rs and Adm'rs, secs. 491, 512, 295.   (4)   The probate court has no equity jurisdiction, and it cannot adjust the liabilities of the several devisees.   One of the said devisees has sold all his interest, and yet the debts must be paid in full.

*D. T. Jewett* for respondents.

(1)   The petition shows that the real estate therein described descended to defendant, as heirs of said Isaac Walker, and that it has been partitioned among them by decree in court, and turned over to their possession severally, and thereby shows that there has been a judgment of the court having jurisdiction of the matter, that there was sufficient personal property in the hands of the executor to pay all the debts.; otherwise no partition could be made.   R. S., sec. 3350; *Tuppeny v. Hurtung*, 46 Mo. 135; *Titterington v. Hooker*, 58 Mo. 599.   (2)   In this state the real estate passes to the heirs, and the administrator has no control over it, except by

order of court. 23 Mo. 99 ; 40 Mo. 482. He cannot lease it without order of court. R. S., sec. 129. (3) The administration law of this state furnishes ample and full remedy for any deficiencies of personal assets to pay debts where there is real estate in the hands of the heirs, and within the jurisdiction of the probate court, and the bill shows there is plenty of that. R. S., sec. 146 ; *Titterington v. Hooker, supra.*

NORTON, C. J.—This case is before us on plaintiff's appeal from the judgment of the circuit court in sustaining a demurrer to his petition.

The petition, as summarized by counsel for plaintiff, was as follows :   That Isaac Walker died in the city of St. Louis, Missouri, leaving a will, by which he devised his estate, after payment of his debts, as follows :   One-eighth to Wm. M. Gawtry, in trust for Annie E. Gawtry ; one-eighth to Thos. A. Walker ; one-eighth to Geo. W. Bull and Thos. W. Bull jointly ; one-eighth to P. I. Nevius, Jr., in trust for Matilda Nevius ; one-eighth to Salvanus Jenkins, in trust for Augusta Jenkins ; one-eighth to Isaac H. Walker, and one-eighth to Gilbert M. Spier ; that after the filing of the original petition, Julia A. Maclay died, leaving a will which was probated in New York, whereby the interest devised to her by the will of Isaac Walker, was devised to the husband and children of said Julia.

The petition alleges further, that Thos. A. Walker was made executor of the will of said Isaac Walker, and that letters of administration were issued to him from the St. Louis probate court, who took upon himself the administration of said estate ; that by the terms of the will of said Isaac Walker the interests devised to the trustees aforesaid were limited to the lives of the several *cestuis qui trust,* and at their deaths the shares of such persons dying descended to their right heirs ; that Thomas A. Walker administered said estate until

1873, when he was removed and plaintiff was appointed administrator *de bonis non*, and that he has continued since to administer the same; that the assets of said estate, both real and personal, were large, and that the liabilities consisted in part of claims long contested in the courts.

The real estate belonging to said Isaac Walker in St. Louis was very valuable, and its description is very long. It is fully described in the petition, but omitted here. The petition states that in 1871 Maclay *et al.* commenced proceedings in the circuit court of the city of St. Louis for a partition of said real estate, and in 1876 a decree of partition was rendered, commissioners were appointed and the property divided; that Thomas A. Walker has since disposed of all his interests in said property, and he is not made a party; that certain of the other devisees, after the confirmation of the report of said commissioners, without the consent of the administrator, entered into possession of the several shares allotted to them, and have collected rents therefrom, but the amounts so collected are unknown to plaintiff; that the devisees so collecting rents are Isaac H. Walker, Gilbert M. Spier, trustee of Emily Spier; the heirs of Matilda Nevius; S. F. Jenkins, trustee of A. R. Jenkins; Archibald Maclay, trustee of Julia Maclay, and the heirs of Julia Maclay, and George and Robert W. Bull.

The petition states that the personal property belonging to said estate was exhausted in paying debts, etc., proved up and allowed against said estate, so far as the personal property is sufficient to pay the same; that there are still debts against said estate which remain unpaid; that before the remaining debts can be paid defendants will be required to contribute in the proportion that their several respective shares in said real estate received dy them bear to the debt of said estate; that defendants are non-residents of the state of Missouri, and the probate court of the city of St. Louis

has no jurisdiction over them. That said defendants are indebted to the estate, as near as plaintiff can state it, as shown in exhibit "C" to petition.

Plaintiff prayed that defendants be required to account to plaintiff for the several sums received by them from the administrators of said estate, and from the real estate received by them as aforesaid, and that such sums found by such accounting to be due from defendants to the estate of Isaac Walker be charged against the respective interests of defendants in the real estate set apart to them as aforesaid, and that plaintiff have execution therefor and for general relief.

Among other grounds of demurrer to this petition, is the following: That the administration law furnishes ample and full remedy for any deficiency of personal assets to pay debts where there is real estate in the hands of the heirs or devisees and within the jurisdiction of the probate court. This ground of demurrer is well taken. It is provided by section 146, Revised Statutes, that "If any person die and his personal estate shall be insufficient to pay his debts and legacies, his executor or administrator shall present a petition to the probate court stating the facts and praying for the sale of the real estate, or so much thereof as will pay the legacies and debts of such deceased person."

The following sections prescribe the method to be pursued in effecting the sale of real estate for the purpose of paying debts.

In the case of *Titterington v. Hooker*, 58 Mo. 597, 598, it is said "that the precise and simple, yet effective, provisions of our administration law whereby the whole estate of a decedent, both real and personal, may be subjected to the payment of his debts, were designed to supersede the more cumbrous machinery of the common law, and that the whole doctrine of equitable assets, marshalling assets in equity for the payment of debts and bills for discovery of assets and account, is without

application here save in so far as the principles under-lying those proceedings may be invoked in illustration or explanation of analogous remedies afforded by the statute."

The petition shows on its face that the land of decedent is within the jurisdiction of the probate court, and if there are debts of the estate unpaid and no personal assets to pay with, resort must be had to the methods pointed out in the administration law to sub-ject the real estate to sale for their payment.

The demurrer was properly sustained and the judg-ment is hereby affirmed. All concur except RAY, J., absent.