JOHN V. NEBEL, Public Administrator, Appellant, v. EDWARD BOCKHORST, Public Administrator, et al., Respondents.

**St. Louis Court of Appeals, January 5, 1915.**

1. JURISDICTION: Manner of Raising Question: Appellate Practice. An objection to the trial court's jurisdiction over the subject-matter may be raised at any stage of the proceeding, or may be considered by the appellate court *sua sponte*.

2. EXECUTORS AND ADMINISTRATORS: Equity: Jurisdiction of Probate Matters. While a suit in equity may sometimes be maintained in respect to matters which would ordinarily appear to be within the jurisdiction of the probate court, yet this is true only in those rare instances where the provisions of the administration law fail to furnish a complete and adequate remedy in the premises and where relief may be afforded only in a court of purely equitable cognizance.

3. ———: ———: ———: Sale of Land to Pay Legacies. An application to sell a decedent's real property to pay legacies alleged to have been charged thereon is within the exclusive jurisdiction of the probate court, conferred by Secs. 150, 154, R. S. 1909, subject to the right of appeal to the circuit court, and hence the circuit court has no jurisdiction of a bill in equity for such relief.

Appeal from Warren Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*Robert Walker* for appellant.

(1) All estates, whether by devise or by bequest, are considered vested rather than contingent. The $1,000 legacy bequeathed to Eliza Sattmann under the fifth paragraph of the last will of Sophie Sattmann was an absolute gift which became vested in the said Eliza on death of the testatrix. Lich v. Lich, 158 Mo. App. 418; Collier's Will, 40 Mo. 287. (2) And the testatrix dying without leaving any personal property to pay the said legacy, it is presumed that the testatrix intended to and did charge her real estate with the payment of said legacy. Clotilde v. Lutz, 157 Mo. 439; McQueen v. Lilly, 131 Mo. 9; 19 Am. & Eng. Ency. of Law, p. 1359. (3) And as such a legacy it is transmissible to the legatee's legal representatives. Woerner's Law of Administration, sec. 436; Collier's Will, 40 Mo. 287, 326. (4) And although the legacy to the said Eliza Sattmann should have been paid by the said Henry Sattmann since the year 1901, when the said Eliza died, limitations do not bar payment now by reason of there having been no administration on the estate of Eliza Sattmann prior hereto. White v. Blackenblacker, 115 Mo. App. 722; McDonald v. Walton, 1 Mo. 727; Dillon's Admr., 39 Mo. 292. (5) And suit to enforce the payment of such legacy may be brought in circuit court, as is done in this case. Stephens v. Bernays, 119 Mo. 143.

*John K. Waring* and *E. Rosenberger & Son* for respondents.

ALLEN, J.—This action was instituted in the circuit court of Warren county by plaintiff, public admin-

istrator of said county, in charge of the estate of Eliza Sattmann, deceased. The defendants are the public administrator of Montgomery county, in charge of the estate of Henry Sattmann, deceased, and the devisees under the will of said Henry Sattmann.

The petition avers that one Sophia Sattmann died in Warren county, Missouri, in 1878, leaving a last will and testament written in the German language, which was duly admitted to probate in said county in the year 1879. The will, translated into English, is set out in full in the petition. By the first four clauses thereof the testatrix bequeathed to four of her children the sum of five dollars each. The fifth clause is as follows:

"Fifth, I give and bequeath to my daughter, Eliza Sattmann, one thousand ($1,000) dollars; said sum shall remain in the hands of C. Henry Sattmann, without interest, so long as the said Eliza Sattmann stays with him under his care, custody, guardian; in case, however, that Henry Sattmann should not treat his sister Eliza well, and it shall be proved by three neighbors that she cannot stay with him any more, he shall of the aforementioned one thousand dollars pay six (6) per cent interest to the one where she is at, and a complete bed worth forty dollars in cash money."

By the sixth clause of the will the testatrix devised to her son, C. Henry Sattmann, all of her real estate consisting of two hundred and forty acres of land in Warren county; and her said son, C. Henry Sattmann, is made residuary legatee, and named as executor.

The petition then avers that C. Henry Sattmann resided on the real estate so devised to him until the year 1905, when he removed to the State of Nebraska, where he died testate December 18, 1910, still owning said lands; that his last will and testament was duly admitted to probate in Philmore county, Nebraska, on January 14, 1911, by which he devised the said land in Warren county to three nephews, defendants herein;

and that on October 21, 1911, the defendant Bockhorst, public administrator of said Warren county, was directed by the probate court of said county to take charge of the estate of said Henry Sattmann, situated in this State.

The petition then avers that the said Eliza Sattman, daughter of Sophia Sattmann, and mentioned as a beneficiary under the fifth clause of the latter's will, died intestate in Montgomery county, Missouri, on August 31, 1901; "that upon her death no administrator or other legal representative was appointed by any court to take charge of any estate which she might have had," until October 10, 1912, when plaintiff Nebel, public administrator of Montgomery county, was ordered by the probate court of such county to take charge of her estate. The petition further avers that the said Sophia Sattmann, at the time of the making of her will, and at the time of her death, was possessed of no personal property beyond what was required to pay the cost of administration upon her estate; that "the said legacy of $1000 to her daughter Eliza Sattmann, on account of deficient mental condition of the said Eliza, was by the said testatrix during the lifetime of the said Eliza directed to remain in the charge of the said Henry Sattmann in the manner as stated aforesaid, and has never been paid by the said Henry Sattmann to any person lawfully entitled to receive the same." And it is averred that the said Sophia Sattmann intended to charge and did charge the said real estate owned by her at the time of her death with the payment of such legacy.

The petition concludes with the following prayer:

"The premises considered, plaintiff prays for the judgment of this court decreeing the aforedescribed real estate to be charged with the payment of the said legacy of $1000, bequeathed to the said Eliza Sattmann under the said last will and testament of the said Sophia Sattmann, deceased, as aforesaid; that the said

real estate be ordered sold, and that defendant Bock-
horst, as the administrator in charge of the estate of
said Henry Sattmann, deceased, make such sale; and
after paying the costs of this proceeding and the said
legacy, that he distribute the balance under the order
of the probate court of Warren county, Missouri, and
for all other proper relief.''

To the petition the defendants filed demurrers,
which were sustained by the court; and plaintiff declin-
ing to plead further, final judgment was entered for
the defendants on the demurrers, and the plaintiff ap-
pealed.

The respondents raise the question of the juris-
diction of the circuit court over the subject-matter of
the action, asserting that the same is within the exclu-
sive jurisdiction of the probate court. And though it
does not appear that the jurisdiction of the circuit
court was distinctly · challenged below, the question of
that court's jurisdiction is one which may be raised at
any stage of the proceeding, or may be considered by
this court *sua sponte.*

The theory upon which plaintiff's petition pro-
ceeds is that by the fifth clause of her will Sophia Satt-
mann bequeathed to her daughter, Eliza Sattmann, the
sum of $1000, intending to make the same a charge up-
on the land devised to the son, C. Henry Sattmann.
And it is sought now to have the land charged with
the payment of such legacy, and to have the circuit
court order the defendant administrator to sell such
land, and out of the proceeds of the sale thereof pay
such legacy and the cost of this proceeding, distribut-
ing the remainder thereof under the order of the pro-
bate court.

Our administration law (section 160, Revised Stat-
utes 1909) provides that ''if any person die and his
personal estate shall be insufficient to pay his *debts and
legacies,* his executor or administrator shall present a
petition to the proper court, stating the facts and pray-

ing for the sale of the real estate, or so much thereof as will pay the debts and legacies of such deceased person.'' Succeeding sections of this article definitely prescribe the procedure for obtaining such an order of sale. And section 154 provides that if the executor or administrator fail to make an application for such sale, any creditor or other person interested in the estate may make the application, giving twenty days notice to the executor or administrator.

It has been repeatedly held that the probate court has exclusive jurisdiction to order the sale of lands of a decedent for the payment of his debts; that the aforesaid provisions of the administration law furnish a full and ample remedy for any deficiency in personal assets to pay such debts, where there is real estate in the hands of heirs or devisees within the jurisdiction of the probate court, and that resort must be had to the methods there pointed out to subject the real estate to sale for such purpose (Tittering v. Hooker, 58 Mo. 593; French v. Stratton, 79 Mo. l. c. 562; Priest v. Spier, 96 Mo. 111; Scott v. Royston, 223 Mo. 568, 123 S. W. 454) subject of course, to the right of appeal to the circuit court.

What is said as to the sale of lands for the payment of debts applies with equal force to the sale thereof for the payment of legacies (section 150, supra). And as the petition before us proceeds entirely upon the theory that there is here a monetary legacy remaining unpaid, and seeks to have the land ordered sold for the payment thereof, we think it quite clear that the relief sought could be afforded, if at all, only in the probate court, and that the circuit court is without jurisdiction in the premises.

While a suit in equity may sometimes be maintained in respect to matters which would ordinarily appear to be within the jurisdiction of the probate court, this is true only in those rare instances where the provisions of the administration law fail to furnish a com-

plete and adequate remedy in the premises, and where relief may be afforded only in a court of purely equitable cognizance. The following cases will illustrate: May v. Pearson, 121 Mo. App. 120, 97 S. W. 612; Lemp Brewing Co. v. Steckman, 168 S. W. 226; Scott v. Royston, supra. See, also, Stanton v. Johnson's Estate, 177 Mo. App. 1. c. 57, 163 S. W. 296.

Where, as here, the administration law has definitely provided a method of proceeding in the probate court for the attainment of the very object sought to be attained by a suit in equity in the circuit court, it seems clear that. the latter court is without jurisdiction. Were the object of the suit not to enforce the payment of a legacy by the sale of the devised lands, but to impress a trust upon such lands for the support and maintenance of Eliza Sattmann during her lifetime, to the extent of the provision sought to be made for her by the testatrix, an altogether different question would be presented, and one as to which we need now express no opinion. But as the suit proceeds, we are of the opinion that the circuit court had no jurisdiction to entertain it.

It results that the judgment below should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.